WESTERN DIST.
*September*, 1840.

GUIDRY *vs.* GUIDRY'S HEIRS.

APPEAL FROM THE COURT OF PROBATES, FOR THE PARISH OF ST. MARTIN.

GUIDRY
*vs.*
GUIDRY'S HEIRS.

| 16L | 157 |
| 46 | 633 |

Where an heir was not made a party to the proceedings in a settlement and partition of the successions of his ancestors, he is not bound or liable, under the judgment rendered, for any of the shares or balances that may be decreed against him.

To render a partition valid and binding, all the parties to it must be cited or notified; and all the formalities prescribed by law must be pursued, to authorize a judgment of homologation, and make it binding.

Before plaintiffs can issue a *fieri facias*, they must first notify their judgment to the defendant.

So, where a judgment of partition, decreeing a balance due by an heir to his co-heirs, has not been regularly notified to him, and he was not made a party to the proceedings had in making the partition, he will be entitled to a perpetual injunction against such judgment.

This suit commenced by injunction, to stay an execution and sale, under a judgment of *Joseph Guidry et al* vs. *Louis Guidry,* for one thousand one hundred and forty-two dollars, which the plaintiff alleges is null and void, for the following reasons:

1. He never was cited, or appeared. 2. There was no issue joined by him, or any one authorized to appear for him. 3. It is an action of partition, and so far from his owing his co-heirs any thing, they are indebted to him; that he is entitled to a large balance against them on settlement. 4. Was never cited to appear and answer their petition; there was no judgment by default, and in fact he never knew of the existence of the suit. He prays for an injunction against the sheriff and Joseph Guidry, père, and all the other plaintiffs therein. He also prays that all the plaintiffs in that suit be cited, and that he have judgment annulling said judgment and all the proceedings therein, and that the injunction be made perpetual; that he be allowed to establish his rights and claims against his co-heirs, in the estate of his

WESTERN DIST. deceased father and mother, and that a partition thereof be
September, 1840. made.

GUIDRY
vs.
GUIDRY'S HEIRS.

He further alleges, as grounds of nullity against this judgment, that he was insolvent, and had made a surrender of his property to his creditors at the time that suit was brought, and was incapable of standing in judgment. Syndics were appointed, settled his estate, and were discharged in May, 1833.

The defendants plead a general denial. They aver, the plaintiff was cited in the suit of Joseph Guidry, père, &c.; issue was joined by him, or one authorized to appear for him, and he actually appeared by Isaac L. & J. Baker, his attorneys.

That the estate of Marguerite Miller, his mother, was definitively settled and partitioned, and homologated the 3d April, 1835. That the plaintiff was a party to said proceedings, and was represented by his said attorneys, who filed an answer in the name of said plaintiff and others, and their acts are legal and binding. That the plaintiff being represented, presented all the claims he had at the time of making said partition. That upon the settlement of the community between Pierre Guidry, père, and Marguerite Miller, the plaintiff was indebted by note to said community in the sum of two thousand dollars; had received from his mother, a tract of land worth one thousand dollars, and purchased two thousand eight hundred and nineteen dollars worth of property at a sale of the community; making an aggregate of six thousand and six dollars. That his share in said community was four thousand two hundred and forty-one dollars, which leaves a balance due him of one thousand seven hundred and sixty-five dollars. That at the settlement of the estate of Pierre Guidry, plaintiff was entitled, as one of his heirs, to two thousand and fifty dollars. To be deducted, amount received from Major Baker, two hundred and four dollars, and one thousand two hundred and twenty-five dollars and fifty cents, amount of note given by himself and wife for purchases at sale of succession. Said amounts deducted, leave a balance of six hundred and twenty dollars, which

deducted from amount due by him to the estate of Marguerite Miller, leaves one thousand one hundred and forty-two dollars. That the judgment rendered in said partition suit, in which the plaintiff was represented, now forms *res judicata.* That he cannot now avail himself of any plea or defence which he might have interposed in said suit. That he has mistaken his remedy ; he should have appealed, and not proceeded by injunction. They aver that the injunction was wrongfully sued out, is illegal and vexatious, and should be dissolved with damages against him and his surety.

On the trial the plaintiff offered in evidence, the suit of *Louis Guidry* vs. *His Creditors,* which was objected to, as *res inter alios acta,* and because it was filed long before the decease of Pierre Guidry, père, which formed the basis of the action of partition.

The defendants offered in evidence several suits against the plaintiff to establish their demands, set up as matters of account in the defence ; and also the power of attorney from the heirs of Pierre Guidry, père, to J. L. Baker, dated 13th December, 1825.

The testimony of witnesses was also taken, involving a mass of evidence growing out of the transactions and settlement of the two successions of Pierre Guidry and his deceased wife, Marguerite Miller. These two successions were blended together. The power of attorney given by the plaintiff and some of the co-heirs, only authorized Baker to represent them in the settlement of Pierre Guidry's succession. Baker died during the pendency of these proceedings, but had appeared under this power in both cases. His death was in 1830, and the final partition was made in 1835, in which the plaintiff is brought in debt for the sum of one thousand one hundred and forty-two dollars. He had never appeared, or was represented in any other way than by Baker ; and had, in the meantime, made a surrender, and took the benefit of the insolvent laws.

There was judgment against the plaintiff dissolving the injunction, and he appealed.

*T. H. Lewis* and *Morse*, for the plaintiff and appellant, urged the reversal of the judgment.

*Voorhies*, for the defendants, strenuously opposed the plaintiff's demand, and went into an examination of the accounts involved.  He contended that Baker had a right to appear in the action of partition for the plaintiff, as his counsel, and that his acts were binding.

*Morphy, J.*, delivered the opinion of the court.

The plaintiff has sued out an injunction, to arrest the execution of a judgment obtained against him, under the following circumstances:  Pierre Guidry, the father of the parties to this suit, married twice, and had children by both marriages.  Marguerite Miller, his second wife, died in 1822, leaving a large estate, to be partaken between her husband and heirs.  The plaintiff failed in 1824, and placed on his schedule the heirs of Marguerite Miller, as creditors, for about two thousand dollars, which, he supposed, was the amount of his indebtedness to the estate, after deducting the sum accruing to him as one of the heirs.  Pierre Guidry died in 1825.  Shortly after, the plaintiff, together with some of his co-heirs, appointed Isaac L. Baker as their agent and attorney in fact, " for the settlement of the estate of Pierre Guidry, their father ; to collect and receive all such sums of money as may be coming to them from said estate, and to transact for, and in their name, all such things as may be necessary for liquidating such succession."  In 1827, defendants, as heirs of Pierre Guidry by the first marriage, brought an action for the partition of their father's estate, against their co-heirs of the second marriage ; and prayed, at the same time, for a final liquidation of the community, which had existed between Pierre Guidry and his wife.  To this petition an answer was filed, by Isaac L. and Joshua Baker, whereupon, the parish judge, acting ex-officio as notary public, under an order of the court below, proceeded to a settlement of both the estates of Pierre Guidry and Marguerite Miller.  From an adjustment of the accounts in said successions, it appeared

*Where an heir was not made a party to the proceedings in a settlement and partition of the successions of his ancestors, he is not bound or liable under the judgment rendered, for any of the shares or balances that may be decreed against him.*

that the plaintiff stood indebted to the estate of Marguerite Miller, in a sum of seventeen hundred and sixty-three dollars and twenty-five cents, and was entitled to receive from that of his father, six hundred and twenty-two dollars and ninety-one cents. In his judgment of homologation, the judge below blended the two estates, and proceeded, as he expresses it, "to regulate the final balances due to each of the heirs of both estates, after compensating the balances in favor of any of the heirs of either estate, by the amount found due from such heir, as debtor to the other estate;" he accordingly decreed the plaintiff to pay to the other heirs, eleven hundred and forty-two dollars and thirty-nine cents ; being the difference between the amount due to him, from his father's estate, and that due by him to the succession of Marguerite Miller, his mother. It is to arrest the execution of this judgment, that plaintiff has taken out this injunction.

To render a partition valid and binding, all the parties to it, must be cited or notified ; and all the formalities prescribed by law must be pursued to authorize a judgment of homologation and make it binding.

The plaintiff urges in support of his action :

1. That the judgment obtained by defendants is not binding on him, because he was never legally made a party to it ; and that none of the formalities required by law, to render the partition legal and final, have been observed.

Before plaintiffs can issue a *fieri facias*, they must first notify their judgment to the defendant.

2. That the funds accruing to him from the estate of his father, after his failure, could not be applied to pay his debt to his mother's estate, from which he had been duly discharged.

It is clear, that the plaintiff has never been regularly made a party to the proceedings had in the estate of Marguerite Miller, his mother ; his power of Attorney to Isaac L. Baker, authorized the latter to represent him only in the settlement of the succession of Pierre Guidry, Sen. As to his rights in the estate of his mother, which had accrued before the filing of his bilan, the plaintiff could not stand in judgment to prosecute or defend them. They had passed to his creditors, who alone could assert them, contradictorily with the other heirs. But, even admitting that Baker could have legally represented the plaintiff, in the partition of his mother's estate, as contended for by defendants, his powers were at an end in

1830, when he died; and from all the proceedings had subsequently, before the notary who made the partition, it does not appear that the plaintiff ever received the written notice required by *article* 1269 of the *Louisiana Code*, to enable him to attend at the partition; no process verbal seems to have been drawn up, showing that any of the heirs were present; nor does it appear that the plaintiff was summoned, according to *article* 1296, to show cause why the partition should not be approved. The compliance with all these formalities alone, could have rendered the partition final, and authorized a judgment of homologation; *Louisiana Code, art.* 1299. But, independent of all this, we do not find that the defendants had entitled themselves to a *fieri facias*, by having their judgment served on the plaintiff. This view of the subject, precludes the necessity of examining the other points in discussion.

It is, therefore, ordered, that the judgment of the court below be reversed and annulled, and that the injunction taken in the premises, be made perpetual; the defendants and appellees paying costs in both courts.