IN THE MATTER OF THE FINAL ACCOUNTING OF ROBERT C. REEVES, AS EXECUTOR OF ABRAHAM DENIKE, DECEASED

*Attorney's charges for services in Surrogates' Courts — order that the attorney appear and submit to an examination as to the services rendered, proper.*

In this proceeding, the attorney and counsel for the executor having presented a bill of costs for the time consumed by him in the proceedings before the Surrogate's Court for the settlement and allowance of the executor's accounts, he was required by the surrogate to appear and submit to an examination, by his adversary, as to the items of such bill.

*Held,* that the surrogate was justified in adopting this course, and that his order to that effect should be affirmed.

APPEAL by Robert C. Reeves, executor, from a summons, or direction of the surrogate of the city of New York, requiring the appellant's attorney to appear and submit to an examination, by his adversary, as to the items of his bill of costs in this matter.

*Henry W. Bates,* for the executor appellant.

*J. H. Morris,* for the residuary legatees, etc., respondents.

DANIELS, J.:

In the bill of costs of the attorney and counsel for the executor, he has charged for one hundred and six days, less two and adjournments, not specified, for time occupied in the trial or hearing upon the settlement of the executors accounts, in preparing such accounts

and preparing for the trial or hearing. The estate was neither large nor complicated, and these charges must necessarily have excited the suspicion and incredulity of the surrogate. Whether they should be allowed or not to a very great extent depended upon the exercise of his discretion, as that has been regulated under sections 2561, 2562 of the Code of Civil Procedure, and to guide him judiciously in the exercise of that authority he required information which could naturally be obtained, if it was accessible, from the attorney, concerning the foundation and justice of these charges. He might, in his discretion, have disallowed them entirely, so far as no absolute legal right existed for sustaining them, or he might, to secure additional information, have required a minute and circumstantial affidavit from the attorney, and, in the judicious exercise of the same authority, no good reason seems to stand in the way to prevent the surrogate from requiring the attorney, as he did, to appear and submit to an oral examination concerning the correctness and justice of these charges. The information to guide the judgment of the surrogate appeared to be necessary under the circumstances, and in the discharge of his duties he had the right and authority to require its production in one form or another, and it was for him to determine and decide which would be the most satisfactory, or best furnish the information it was necessary to obtain. He adopted the course of requiring the attorney to appear and submit to an oral examination concerning these charges. No possible injustice could be done to the attorney by prescribing that course. On the contrary, if the charges are just, it afforded him the means of exhibiting them to be of that description. It was in his interest as much as that of the estate, that the summons or the order was made by the surrogate, and ample incidental authority exists in that officer to require as much as this of the attorney or counsel claiming these allowances. Without, therefore, considering whether this was such an order as the executor could appeal from, it is sufficient to say that it was rightly made, and it should be affirmed, with ten dollars costs, to be paid by the executor and the attorney personally.

VAN BRUNT, P. J. and BARTLETT, J., concurred.

Order affirmed, with ten dollars costs, to be paid by executor and attorney personally.