NEW YORK COUNTY.—HON. RASTUS S. RANSOM,
SURROGATE.—July, 1888.

MATTER OF WILLIAMS.

*In the matter of the judicial settlement of the account
of EDWIN B. COLLINS, as executor of the will of
DANIEL T. WILLIAMS, deceased.*

Where a reference of an executor's account was rendered necessary by the
failure of the executor's attorney to explain to the special guardian,
when so requested by him, items of the account, which were afterwards
found on the reference to be erroneous, and where the reference has
been very much prolonged and delayed through the neglect of the ex-
ecutor and his attorney, the entire cost of the proceeding will be
charged upon the executor personally.

JUDICIAL settlement of the account of Edwin B.
Collins as executor of the will of Daniel T. Williams,
deceased.

JAMES J. THOMPSON, *for executor.*

SCOTT LORD, *special guardian.*

THE SURROGATE.—The account of the executor was
filed subject to any objections by a special guardian,
to be appointed on the 1st day of March last.    A
special guardian was appointed on that day, who filed
objections to the form of the account in one partic-
ular.    His objections were sustained by the referee.
The error complained of could not have existed if the
account had been prepared with proper care.    The ap-
pointment of a referee was demanded by the failure
of the attorney for the executor to give any attention

to the requests of the special guardian that he explain the account in those respects wherein it was found by the referee erroneous. Several attendances before the referee were occasioned by the neglect and refusal of the executor or his attorney to heed the notice of a hearing before him. It appears that finally a summons (subpoena) was obtained from the referee, and served on the executor personally, and even then he did not attend until a day subsequent to that designated by the referee. The real necessities of a proper examination of this executor's account could have been disposed of in one hearing before the referee. No doubt, if the executor had done his duty, he would have entirely obviated any reference at all by causing an explanation of his account to be made to the special guardian, whose duty it was to carefully examine it, and to object if he found it wrong. This is one of a large number of similar proceedings managed in substantially the same way that this has been managed. More than four months have elapsed since this account was filed, and the special guardian appointed, and two weeks would have been ample time to enable the executor to finish his business and obtain a final decree. The special guardian has employed much and valuable time. A referee was required, and he has been compelled to attend for the purpose of hearing and determining any question that might be raised by the objections of the special guardian, and all this has been caused by the neglect of the executor's attorney, for which the executor is, of course, responsible. It is impossible for me to personally hear and determine all questions arising upon

the settlement of the accounts of executors and administrators. Hence, under the statute enacted for that purpose, referees are appointed, and for the particular proceeding they are vested with all the powers of this court, and should act accordingly. Matter of Niles, 47 *Hun* 348. They should not permit the proceeding to be delayed except for strictly legal cause. If the objector does not at once proceed to sustain his objections, the reference should be closed, and a prompt report to the court made of the exact facts, whereupon the objections may be stricken out for want of prosecution. If the objections are idle and frivolous, the expense of the proceeding occasioned by them will be charged upon the contestant personally. If, on the other hand, the executor or administrator, as in this proceeding, does not diligently prosecute his duty, and manifest a disposition to promptly and economically complete the trusts committed to his charge, and act in accordance therewith, he will be, as in this proceeding he shall be, required to pay the costs of the proceeding. Delays in proceedings before referees appointed by me are improper on every ground, and shall not be tolerated. I shall regard such delays, if acquiesced in by the referee, as conclusive evidence of his unfitness for his office. The costs claimed by the attorney of the executor, except disbursements, are disallowed. The special guardian is allowed $100. The referee is allowed $30, that being the amount fixed by statute for the days spent by him. And the entire cost of this proceeding as above taxed, is charged against the executor personally, for the reasons already given.