*In re* GOETSCHIUS' ESTATE.

(3 Misc. Rep. 155.)

*(Surrogate's Court, Rockland County, Filed March, 1893.)*

1. EXECUTORS—ACCOUNTING—COSTS.

An executor who has been forced to account by process of the court, and who has failed to sustain many items thereof, will be only allowed costs as if there were no contest.

2. SAME—CONTESTANTS—COSTS.

Contestants who have forced an executor to account, and who have successfully contested nearly all the items of his account, will be allowed out of the estate, if not against the executor personally, costs of compelling the executor to account, for time occupied in the trial, and a contest fee, but not for time occupied in preparing for trial.

3. SAME—INCOME—COSTS.

When there is a doubt as to whether the executor, as such, received and disbursed the income of personal estate, during the continuance of a life estate, and that even if he had, there was no balance due by him on foot of such income, costs will not be allowed the executor or the contestant.

4. SAME—PRINCIPAL—COSTS.

If such costs were allowed, they could not be charged against the principal of the estate.

5. SAME—CONTEST.

The executor's costs in such case will not be awarded against the contestant, when the executor kept no account of the income fund.

Application on settlement of decree on executor's accounting, as to costs.

Snider & Hopper, for executors; Arthur S. Tompkins and D. D. Sully, for contestants.

WEIANT, S.—My decision of the issues in this matter was filed on February 13, 1893. 23 N. Y. Supp. 970. I am now required, for the purpose of the settlement and entry of the

decree, to determine the questions as to the allowance of costs, and directions as to how, and by whom, the same should be paid. The counsel for the executor presents a bill, specifying the items thereof, asking for $220 costs and $11.70 disbursements. The counsel for the contestants submit a bill, claiming $155 costs, and $3.22 disbursements. Section 2558 of the Code of Civil Procedure provides that "the award of costs in a decree is in the discretion of the surrogate, except in one of the following cases." Then follow the exceptions, none of which apply to a matter like the one under consideration. *In re* Reeves (Sup.), 1 N. Y. Supp. 17. The opinion of Mr. Justice DANIELS in the case cited may be read by practitioners to their edification, and to the relief and satisfaction of surrogates. By section 2557 of the Code it is prescribed that, "except where special provision is otherwise made by law, costs awarded by a decree may be made payable by the party personally, or out of the estate or fund, as justice requires." It thus specifically appears that the power of the Surrogate's Court is broad as to awarding costs to parties, and from whence and by whom the same may be decreed to be paid; and the inquiry is, having in mind these statutory provisions, to whom should costs be given, if any, and from what source and by whom should the same be paid, upon the facts and circumstances disclosed upon this accounting? In order to bring about an accounting, the persons interested in this estate were obliged to take compulsory proceedings to compel the executor to render the same. The executor had been commissioned as such in 1859, and had at no time rendered an account of his proceedings. When thus forced by process of the court, he initiated a proceeding for a judicial settlement of the estate, and filed his account. He did not therein, as is usual in these proceedings, charge himself with the assets set forth in his inventory, but omitted therefrom moneys which he had himself used, as well as his co-executor, in their copartnership business. He neglected to pay an admitted debt of his testator, and asked credit for an aggregate sum of $150 interest that he had paid thereon during the years of his executorship. He charged him-

self with but $1,500 of assets, and rendered no statement as to the balance thereof. To these accounts the contestants interposed objections, all of which have been sustained, except the one to the $100 claim against the estate of one Esler on a note, and which the executor had not paid.

The contest has been upon items as to which the executor should have voluntarily accounted and charged himself, and as to which he thus invoked a contest, and was adjudged in the wrong. He cannot be justified in doing this, nor in fairness ask that the estate shall reimburse him for his expenses. No such rule can prevail. It would be contrary to the statute, and encourage every person acting in a fiduciary capacity to involve the trust estate in unnecessary litigation and expense, to gratify personal animosities and differences, without the risk of pecuniary harm or hurt to himself. It would be encouraging laxity and negligence in the administration of such estates, where the law requires care and vigilance.

The bill of costs of the executor is allowed to the following extent: $20 for the two days charged for preparing his accounts, $25 for proceedings as if there were no contest, and $11.70 for his disbursements—a total of $56.70, which may be made payable out of the estate. The bill of costs of the contestants other than Catherine L. Smith and Henrietta Goetschius, who simply appeared and interposed objections, but who have taken no part in the contest, and the executors of the will of Fannie Goetschius, deceased, is allowed as follows: Contest fee, $70; three days occupied in the trial, $30; for proceedings to compel the executor to account, $25; disbursements, $3.22—total, $128.22. The item of $30 for three days necessarily occupied in preparing for trial is one that is allowable only to an accounting party. Code Civil Pro. section 2562; *In re* Weeks, ·5 Dem. Sur. 194-211; *In re* Peyser, id. 244; *In re* Reeves (Sup.), 1 N. Y. Supp. 17. This allowance I also make payable out of the estate, although I might well charge it against the executor personally. *In re* Williams (Surr.), 2 N. Y. Supp. 669; Estate of Harnett, 15 N. Y. St. Rep. 725. The remarks

of the learned surrogate in his opinion in *Re* Williams are quite applicable to the matter here being considered.   The following authorities in principle sustain my determination: *In re* Woodward, 13 N. Y. St. Rep. 161; Estate of Wilcox, 11 Civil Pro. Rep. 115; *In re* Williams, *supra;* Estate of Harnett, 15 N. Y. St. Rep. 725; Walton v. Howard, 1 Dem. Sur. 103.   In *Re* Woodward, 13 N. Y. St. Rep. 161, where an executor had failed to keep his accounts distinct from his dealings with others, and in such manner that persons interested in the estate could inspect them at any time if they desired to know its standing and condition, it was held that the executor could not be allowed for his own time and expense, or for the expenses of his counsel, upon the accounting, more than would be reasonable for the time and labor spent in establishing an account kept and made out in such manner as the law requires.   In *Re* Williams, *supra,* it was decided that where an accounting executor, or his attorney, by neglect delays the same, and items of the accounts were, upon examination, found erroneous, the entire cost of the proceeding will be charged upon the executor personally.   It must be remembered that, according to the whole line of the authorities, the allowances in these proceedings, under the provisions of the Code as to costs and disbursements, are made to the parties, and not to their attorneys, and are not intended to be the measure of compensation as between the attorney and client.   As remarked by Surrogate Ransom in *Re* Willett (Surr.), 2 N. Y. Supp. 668:

"It may be that the allowance granted by me by way of costs is not sufficient to properly compensate the attorney.   In that event he should look to his clients, the trustees, for such compensation, and, if proper, they may be allowed the same upon a judicial settlement of their account."

While the accounts of the executor contain no statement of the income of this estate, to which the widow was entitled under the will of the testator, and no allegation appears in the answer claiming that the executor should be charged with, and should account for, the income estate, yet as between the accounting executor and the executors of the will of the widow there has

been an examination into his receipts thereof and payments therefrom. That subject has been disposed of by my decision upon the main question, from which it appears that there was no balance of such income in his hands at the time of the widow's death. That being so, and for other reasons, among which is the doubt as to whether the executor, as such, received and disbursed said income, and consequently as to whether or not he is accountable therefor in this proceeding for the same, costs as to that branch of the accounting are not awarded to either party. If allowed the costs therefor, they would not be charged against the principal estate in the executor's hands. The principal estate canont be charged with the expenses of administering or the costs of the settlement of the income estate. Each must bear its proper charges and expenses of administration. Dannat v. Jones, 2 Dem. Sur. 602. But if it be claimed that the executors of the estate of the widow have made a contention in which they have been defeated, and that therefore the accounting executor should be awarded costs against them, payable out of her estate, still, I think the executors of the widow's estate have a full and just answer to such claim, in the fact that the executor kept no accounts whatever of this income fund, whereby the widow or her personal representatives might inform themselves as to the relations existing as to such fund between the respective parties. *In re* Woodard, *supra;* Estate of Wilcox, *supra.* The widow's executors are in duty bound to seek information as to whether the accounting executor was indebted to the widow or her estate for any balance of such income, and the executor, by his neglect to comply with the duty which the law imposed upon him to keep accounts and vouchers of his transactions, so as to disclose the state of his accounts or dealings with the widow, without legal investigation, has no reason to complain if costs be denied him, and the widow's estate relieved from such expense, which his failures and conduct brought about.