Me CALEB, Justice.
 

 Defendants, Albert, Justine and Edmund Lowrie, Joseph and James Webber and Carl Tuttle, are the owners in indivisión of a 4000 acre tract in Vermilion Parish. This
 
 *234
 
 land was acquired by James and Joseph 'Webber, Carl Tuttle and Albert Lowrie by ■purchase from Florence Louisiana Company on April 15th 1940, at which time the purchasers granted to the vendor one-half •of the mineral rights in and to the property ■conveyed. On February 9th 1943, Florence Louisiana Company transferred t'he mineral interest to plaintiff, Starr-Davis Oil 'Company.
 

 On January 28th 1948, plaintiff instituted this suit for a partition of the mineral interest in and under the lands claiming that, as owner of one-half of. the minerals, it holds in indivisión and as co-owner with defendants. The action was contested on the ground that plaintiff and defendants are not coproprietors of the mineral interest. After a hearing in the lower court, this defense was rejected and a partition ordered as prayed for. Defendants have appealed from the adverse decision.
 

 The primary question for determination is whether one having a fractional mineral interest is the coproprietor of the landowners, who have retained the remainder of the mineral rights, as it is essential to the action of partition that the parties thereto hold the property in common. Articles 1307 and 1308 of the Civil Code.
 

 The grant to plaintiff’s vendor of one-half of the minerals or mineral interest did not convey a separate estate in and to the oil and gas under the surface inasmuch as “* * * under our system of law there can be no other land tenure than perfect ownership and imperfect ownership * *'. Long-Bell Petroleum Co. v. Tritico, 216 La. 426, 43 So.2d 782, 791. And it is firmly established that the sale or reservation of a part or all of the minerals is merely a grant of a right to go on the land for the exploration or exploitation of such minerals. This right has been defined on numerous occasions to be a real right in the nature of a servitude and the laws pertaining to servitudes control insofar as they are susceptible of application. Frost-Johnson Lumber Co. v. Sailing’s Heirs, 150 La. 756, 91 So. 207; Ohio Oil Co. v. Ferguson, 213 La. 183, 34 So.2d 746 and Long-Bell Petroleum Co. v. Tritico, supra.
 

 Accordingly, since plaintiff, by virtue of the grant, acquired a right to go on the land and search for minerals, it is difficult to discern how this right was owned in common with the defendant landowners. The theory of plaintiff seems to be that, forasmuch as the right to search for minerals and reduce them to possession is not exclusive in view of the fact that the defendants, as landowners, may exercise the identical right (having retained an interest to one-half of the minerals), there is a limitation on the right accorded by the grant. But this supposition is founded on a false premise, i. e., a belief that there is co-ownership of a single right to explore for minerals, when in truth plaintiff was granted a whole and unencumbered right of exploration. The only limitation in the grant is that, if minerals are found, plaintiff is entitled to take but one-half. How
 
 *236
 
 ever, this does not in any way restrict its right to explore;' the real right ceded by defendants.
 

 The contention of plaintiff is not novel; it has been heretofore raised and found to be unsound by this court. In Clark v. Tensas Delta Land Co., 172 La. 913, 136 So. 1, 2, the landowner sued to have a servitude for one-half of the minerals granted in favor of defendant declared forfeited by prescription for nonuse during a period of ten years. The defendant pleaded that prescription had not run against it because, as owner of one-half of the mineral rights, it held such rights in indivisión with plaintiff and that, as a co-prop’rietor, it could not exercise its right of exploration without plaintiff’s consent. But the court had little difficulty in rejecting this argument and the language it used in so doing is appropriate here. It declared: “What the Delta Land Company owned was not half of the right to the minerals, but the right to half of the minerals, in Clark’s land. According to article 656 of the Civil Code, it is not possible for a person to have only a part of a servitude on another person’s land; although, according to article 657, the benefits or advantages resulting from a servitude may be divided, and, according to article 542, an usufruct may be subject to a.ny and all such limitations as the grantor puts upon it.’”
 

 Thus, in the case at bar, plaintiff was granted an absolute right to search for minerals and was restricted only as to the amount of minerals it could take after discovery and reduction to possession. Defendants also had the right to explore for minerals but this right, separate and distinct from that of plaintiff, was inherent by virtue of their ownership of the land’, and the only restriction upon them related to the amount of minerals they could take. There was not a joint ownership of a single right but two absolute rights, independent of each other.
 

 In an attempt to support plaintiff’s position, counsel cite and quote from numerous decisions. We have examined these cases-, and find that none sustains its proposition.
 

 The judgment appealed from is reversed and plaintiff’s suit is dismissed at its costs-
 

 HAMITER, J., concurs in the decree.