REID, Judge.
This controversy arose when plaintiffs, Geralding Lang Martin, Robert Lang, Jimmie R. Lang, and Norman Lang, Jr., as forced heirs, of Ethelbert Fornea Lang, filed suit against their uncles, namely, Robert H. Fornea, Curtis J. Fornea, Weldon W. Fornea, Alcus Fornea, Ruffin For-nea, Daniel E. Fornea, Tom Paul Fornea and J. Edward Fornea, and their grandmother, Docia Fornea, for partition of their grandfather’s, and a deceased uncle, James Fornea’s estate. The case was submitted by stipulation and upon the introduction of certain deeds in the record without any testimony.
The suit was submitted to the trial Judge upon offerings of counsel and briefs filed. After taking the case under advisement, judgment was rendered in favor of the plaintiffs and against the defendants.
The defendants, with the exception of Robert H. Fornea, appealed suspensively from the judgment in favor of the plaintiffs.
No appeal was filed in behalf of the defendant, Robert H. Fornea, therefore, the judgment of the District Court insofar as Robert H. Fornea’s interest in his father, Robert D. Fornea’s estate and his brother, James Fornea’s estate is final.
The facts of the case were entered into the record by stipulation and there is no question in fact nor is there any question of law raised concerning plaintiff’s undivided one-ninth (%th) of three fourths (54ths) of one twentieth (%oth) interest in the Succession of James Fornea since defendants have admitted this interest, and, as such, they have the legal capacity and right to sue for a partition of his estate.
The crux of the case is whether the plaintiff’s mother entered into a partition, or in fact sold or divested her interest in her father’s share of the community to her mother and coheirs, therefore, divesting herself of all her right, title and interest, in and to her one-twentieth (%oth) interest *645 in the entire property to be hereinafter described. The deed relied upon by the defendant is identified in the Record as “P-3”, which we quote as follows, to-wit:
“State of Louisiana
Parish of Washington
“Be It Known, that this day, before me, Mrs. L. M. Mercer, a Notary Public, in and for the Parish, duly commissioned and sworn, personally came and appeared, Ethelbert Fornea Lang, Married one time and now living with her husband, Norman Lang, in same relations as when first married, who declared that she does by these presents, grant, bargain, sell, convey, and deliver with full guarantee of title, free from any encumbrances whatever, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto Mrs. Docia Fornea, Robert H. Fornea, Curtis J. Foorea, Weldon W. Fornea, Alcus L. Fornea, accepting and purchasing the following described property with the improvements thereon and appurtenances thereto belonging, situated in the Parish of Washington, State of Louisiana, to-wit:
“All my right, title and interest of whatever kind and nature I own ~s forced heir of Robert D. Fornea, deceased, in his estate, including all lands, personal or mixed property of which he died possessed.
“To Plave And To Hold said property unto said purchaser, their heirs and assigns forever. This sale is made for and in consideration of the sum of Twelve Hundred and no/100 Dollars, cash in hand paid, receipt whereof is hereby acknowledged, and a full acquittance granted therefor.
“The parties hereto agree to dispense with the certificate required by Article 3364 of the Revised Civil Code of this State and to exonerate me, said Notary, from all liability on account of its non-production and said parties declare that all taxes against said property are paid up to and including taxes of 19 .
“Thus done and passed at Varnado, Washington Parish, Louisiana on this 19th day of August, A.D. Nineteen Hundred and Thirty-three, in the presence of L. McMillan and Harvey Walker, two competent witnesses, who sign these presents with said appearers and me, said Notary, after due reading.
“/s/ Ethelbert Fornea Lang
“Witnesses:
/s/ L. McMillan
/s/ Harvey Walker
“/s/ Mrs. L.M. Mercer
Notary Public”.
Plaintiffs counter with the deed identified as “P-4” passed before the same Notary and witnesses, on the same day, or at the same time as the “purported” sale or (“P-3”) which we quote as follows, to-wit:
“State of- Louisiana
Parish of Washington
“Be It Known, that this day before me, Mrs. L.M. Mercer, a Notary Public, in and for the said Parish, duly commissioned and sworn, personally came and appeared Mrs. Docia Fornea, widow of Robert D. Fornea, Robert H. Fornea, Curtis J. Fornea, Weldon Fornea, Alcus L. Fornea, all of full age and residents of Washington Parish, Louisiana, who declared that they do by these presents, grant, bargain, sell, convey and deliver with full guarantee of title, free from any encumbrances whatever, and with complete transfer and subrogation of all rights and actions of warranty against all former proprietors of the property herein conveyed unto Ethelbert Fornea Lang, accepting and purchasing the following described property with the improvements thereon and appurtenances thereto belonging, situated in the Parish of Washington, State of Louisiana, to-wit:
“13.09 acres * * *.
******
“The consideration hereinabove expressed is declared to be paid for by deed this day executed by me to vendors herein, of all right, title and interest in and to the *646 estate of my deceased father, Robert D. Fornea, consisting of all interest, in all property left by him, real, personal or mixed, except the above described 13.12 acres.
“Also it is agreed that the forced minor heirs of the deceased Robert D. Fornea, namely, James Ruffin, Daniel, Tom Paul and Mutton Fornea are to sign their undivided interest in the above described 13.10 acres over to the said Ethelbert Fornea Lang, when they reach legal age, and she in turn agrees to sign her rights, title and interest in all property left by Robert D. Fornea, deceased over to them. As she has done to the ones of legal age now.
“To Have And To Hold said property until said purchaser her heirs and assigns forever. This sale is made for and in consideration of the sum of Twelve Hundred and No/100Dollars, cash in hand paid, receipt of which is hereby acknowledged and a full acquittance granted therefor. The parties hereto agree to dispose with the certificate required by Article 3364 of the Revised Civil Code of the State and to exonerate me, said Notary, from all liability on account of its non-production and said parties declare that all taxes against said property are paid up to and including taxes of 1932.
“Thus done and passed at Varnado, Washington Parish Louisiana on this 19th day of August A.D. Nineteen Hundred and Thirty-three, in the presence of L. McMillan and Harvey Walker, two competent witnesses, who signed these presents with said appearers, and me, Notary Public, after due reading.
“/s/ Mrs. Docia Fornea
/s/ Robert D. Fornea
,/s/ Curtis J. Fornea
/s/ Weldon Fornea
/s/ Alcus L. Fornea
/s/ Ethelbert Fornea Lang
“Witnesses:
/s/ L, McMillan
/s/ I-Iarvey Walker
“/s/ Mrs. L.M. Mercer
Notary Public”.
Our esteemed brother below held, in effect, and we find correctly so, that the two acts must be construed together in order to give them the proper legal effect as intended by the parties at the time the acts were passed. This is particularly true since one act refers to the other for the true consideration.
We note that in “P-3” the purported sale was made to the mother and only four of the coheirs, the minor heirs were not included.
The question of possession is significant insofar as the issue of prescription is concerned, particularly in view of the pronouncements of LSA-Civil Code Article 1305, which we quote:
“When one of the heirs has enjoyed the whole or part of the succession separately, or all the coheirs have possessed separately each a portion of the hereditary effects, he or they who have thus separately possessed, can successfully oppose the suit for a partition of the effects of the succession, if their possession has continued thirty years without interruption.”
The issue of prescription under this article could not apply since the purported partition was passed in 1933 and this suit was filed in 1957, therefore, on its face thirty years had not lapsed.
It appears from the record that in certain instruments executed subsequent to the purported sale or partition contained in Exhibits “P-3” and “P-4”, the defendants herein acknowledge plaintiffs’ mother to be defendants’ co-owner of the property in question.
The instruments are “P-1”, containing the Judgment of Possession dated October 22, 1934; “P-6” corrective deed of assignment dated 9th May 1936, “P-7” oil lease dated October 1934; “P-S” oil lease dated 2 November 1944; “P-10” assignment of a lease dated 26 March 1936.
The plaintiffs’ mother was treated by the defendants as a record co-owner and took *647 an active part by being a co-signer of the various instruments above referred to.
This evidence outweighs the defendants which is negative in character.
We therefore agree with our learned brother below that the intent of the parties at the time the two instruments in question, namely “P-3” and “P-4”, were passed that the purported sale was in truth and in fact an attempted partition.
Since we have found the instruments in question are attempted partitions as opposed to sales we need not discuss or pass upon appellants’ contentions that the “sale” must first be set aside or rescinded before the plaintiffs can seek a partition of their mother’s interest in their grandfather’s estate.
The defendants pled prescription of 5 years based on LSA-Civil Code Articles 1413 and 3542 of the Revised Civil Code. We do not think these pleas are applicable to the case involved because the two deeds taken together are not a partition or either a definitive or provisional partition but an absolute nullity for the reasons set forth herein. The said plea will be overruled.
The main argument of counsel for appellants is that the purported partition agreement between the plaintiffs’ mother and her co-heirs should be termed “provisional” rather than “null and void”, as found by the trial court.
The articles in the Civil Code dealing with the nature of partition are quoted as follows, to-wit:
Article 1292: “When a person, at his decease, leaves several heirs, each of them becomes an undivided proprietor of the effects of the succession, for the part or portion coming to him, which forms among the heirs a community of property, as long as it remains undivided.”
Article 1293: “The partition of a succession is the division of the effects, of which the succession is composed, among all the coheirs, according to their respective rights.”
Article 1295: “Every partition is either definitive or provisional: Definitive partition is that which is made in a permanent and irrevocable manner: Provisional partition is that which is made provisionally, either of certain things before the rest can be divided, or even of everything that is to be divided, when the parties are not in a situation to make an irrevocable partition.”
Article 1296: “By definitive partition is also understood the judicial partition, made according to law; and by provisional partition, that in which the formalities prescribed by law have not been observed, or that by which the parties are not definitively bound.” (Emphasis ours.)
Article 1304: “The action of partition can not be prescribed against, as long as the thing remains in common, and such community is acknowledged or proved. Thus, though coheirs have enjoyed their hereditary effects in common for an hundred years and more, without making a division, any of them can, at any time, sue for a partition.”
The documents introduced by plaintiffs in evidence show that the co-owners of the petitioner’s mother signed certain oil and gas leases together with other deeds of assignment, etc., which we have discussed above. These documents certainly could be interpreted and we so find them to be “an acknowledgement” of the community of the property remaining in common, which would be the Estate of James D. Fornea.
A case that is similar in some respects to the case at bar, insofar as the legal effect of an acknowledgement by a co-owner is concerned, is the case of Crayton vs. Waters, 146 La. 238, 83 So. 540, 541, particularly the portion which we quote as follows:
“It is undisputed that Scipio and his heirs separately possessed and enjoyed *648 the property in dispute, which represented the entire succession or estate of David Crayton, for more than 30 years. Did the acknowledgement of Scipio of the interest of his coheirs and the acceptance of assistance from some of them in the payment of the taxes prevent or interrupt the running of prescription in his favor? The question seems to be answered by article 1304 of the Civil Code, as follows:
“ ‘The action of partition cannot be prescribed against as long as the thing remains in common, and such community is acknowledged or proved.’
“Scipio’s acknowledgement of the interest of his coheirs was proven. His own conduct, in declining to make any improvements on the property and living in the old hut of his father so many years, corroborates the statements of witnesses, who say that he said that he had done so because he did not know which portion would fall to him when it was partitioned, and this notwithstanding his wife had on several occasions urged Scipio, who was a carpenter by trade, to build a better house.
“Plaintiffs and interveners, therefore, did not acquire the ownership of the entire property by prescription. C.C. art. 1304.”
Similar arguments to those of the defendants in the case at bar were rejected by the holdings in the case of Sun Oil Company vs. Smith, 216 La. 27, 43 So.2d 148, 152, with Justice Hawthorne as the organ of the court. There an alleged “exchange” was found to be an attempted partition which is considered by our jurisprudence as null and without any effect whatsoever unless all of the parties are present and represented.
The holding in the Sun Oil case, cited supra, controls the facts of the case at bar, and we find that the lower Court was eminently correct in holding that the partition in the case at bar, whether it was provisional or not, was null as to all of the parties hereto.
The particular language in the Sun Oil Company vs. Smith case that applies to the case at bar is as follows, to-wit:
“It is well settled under the jurisprudence of this state that a partition is invalid if all of the co-owners of the property partitioned are not made parties thereto, whether the partition is by conventional agreement or by judicial process, and that such a purported partition is considered as no partition at all, binds none of the parties to it, and is null as to all. Guidry v. Guidry’s Heirs, 16 La. 157; Kendrick’s Heirs v. Kendrick, 19 La. 36; Rightor et al. v. De Lizardi et al., 4 La.Ann. 260; Wright & Williams v. Cane et al., 18 La.Ann. 579; * * * Smith et al. v. Smith et al., 131 La. 970, 60 So. 634; Wheeler et al. v. Mann, et al., 149 La. 866, 90 So. 225, Latham et al. v. Glasscock, 160 La. 1089, 108 So. 100; Erskine et al. v. Gardiner, 162 La. 83, 110 So. 97; Amerada Petroleum Corporation v. Reese et al., 195 La. 359, 196 So. 558.” (Emphasis ours.)
After construing the provisions of the Civil Code that we have found to be particularly applicable to the case at bar, we find that the cases cited above overwhelmingly support the views expressed by our learned brother below.
The last complaint of error made by the defendants is based upon the premise that a partition which involves minors in a relative, and not an absolute nullity. They cite the case of Hamilton v. Hamilton, 130 La. 302, 57 So. 935, 937, in support of this position.
The particular language upon which they rely is quoted as follows, to-wit :
“A partition suit and partition sale, if only relatively null, not absolutely *649 null in the sense of nonexistence, cannot be ignored, as if having never taken place, in a suit to recover the property.”
Defendants also argue that the action for a rescission of a partition is prescribed by the prescription of five years under the authority of Civil Code Articles 1413 and 3542, LSA.
We agree with the contention of counsel for defendants that an action to rescind a partition is barred by the prescription of 5 years under the Codal Articles cited.
We also agree that an existing relatively null partition must be rescinded and set aside before a valid and binding partition can be ordered.
These contentions, to be valid, are based upon the factual situation where all of the parties are present to a partition, and apparently all of the rules and laws concerning a partition were followed. In other words, if a partition is apparently good on its face, but for some reason such as fraud, error, etc., one of the parties to the partition seeks to have it set aside, he must bring an action to rescind the partition within five years.
We do not find this to be the facts in the case at bar. Here some of the major heirs entered into a provisional partition. The minor heirs were neither made a part of the present partition nor were they represented by their tutrix in the matter, nor was the provisional partition made by order of the Court.
In the Hamilton v. Hamilton case, cited supra, and given as the authority of the defendants, a partition was entered into with all of the parties and coheirs being present or represented.
In the case at bar as we have found all of the coheirs were not represented, therefore, the Hamilton case, cited supra, could not be authority for the facts in this case, nor do the articles of the Civil Code, namely, 1413 and 3542, LSA, control the facts-' in the case at bar, because all of the parties were not present, nor were they represented in the attempted or provisional partition.
The only way that the Hamilton case, cited supra, by the defendant, could apply or control would be if all the Fornea heirs had been present or properly represented in the provisional partition.
Since this is not the fact in the case at bar then we are bound to overrule defendants’ plea of prescription of five years based upon Civil Code Articles 1413 and 3542, LSA. These articles apply to relative nullities and not to absolute nullities, such as we have found to be present in the case at bar.
For the reasons set forth above the Judgment of the District Court is affirmed.