LANDRY, Judge.
Plaintiffs appeal the judgment of the trial court dismissing their suit for declaratory judgment recognizing plaintiffs as owners of 75 acres of land, more or less, comprising the Ej/£ of the SEj4, Section 12, Township 16 South, Range 12 East, St. Mary Parish, upon defendants’ motion for summary judgment based on a plea of estoppel. Appellants also seek an accounting of revenues allegedly received by defendants from minerals and other sources resulting from defendants’ possession of the property in dispute. We affirm.
Appellants, Thomas H. Maddox, Julian Eves, Jr., Edward Eves, Nina Eves and Alexander Porter Eves, claim interests in subject property as heirs of Mary Young Eves, daughter of Olympus Young, deceased. Appellants, Agnes Grace Grant, Edward Talbot Grant and Edward Grant Cailleteau, claim as heirs of Eliza Young Talbot, sister of Mary Young Eves and daughter of Olympus Young. Defendants, The Morgan City Fund (Fund) and Shell Oil Company (Shell) assert interests derived through the last will and testament of Byrnes M. Young, deceased.
The issues will best be understood by narration of the salient relevant facts and circumstances. Plaintiffs, and defendants alike, trace their title to Olympus Young, husband of Adele Patout, who admittedly acquired subject property by deed dated January 28, 1850, and duly recorded in Book 15, Folio 272, of the Conveyance Records of St. Mary Parish. The property in dispute formed a portion of a 1331 acre plantation owned by decedent Olympus Young. Adele Patout Young died leaving her surviving husband, Olympus Young, and three children of her marriage, namely, Mary Elizabeth Young, Eliza Virginia Young and Pauline A. Young.
Although the exact date of Olympus Young’s death is unknown, it is conceded he died prior to August 1, 1870. It is also conceded that Olympus Young was survived by his second wife and widow, Mehitable McLellan Young, his three children of his first marriage, and two sons, Hugh Young and Byrnes M. Young, issue of his second marriage. It is also conceded that Olympus Young’s succession was opened by proceedings filed August 1, 1870, and that he left a will leaving his surviving widow and five children his estate in equal portions.
Following the death of Adele Patout Young, the share of her three children, Mary Elizabeth, Eliza Virginia and Pauline A., in subject property was adjudicated to the children’s father, Olympus Young. On May 13, 1870, Mary Elizabeth Young, wife of Abram E. Eves, instituted suit against her father for the amount due her pursuant to the mortgage in her favor resulting from the adjudication of her share of the property to her parent. Judgment was rendered in favor of the daughter on May 20, 1870. A fi fa subsequently issued in the proceeding ordering a sale of certain properties *773 belonging to Olympus Young, including the tract in dispute. Thereafter, in the same proceedings, Olympus Young was authorized to purchase, in the names of the Minors Eliza Virginia and Pauline A. Young, at the pending judicial sale, that portion of the property involved which would cover the claims of the named minors against their father. It is conceded that no sale appears of record in the proceedings instituted by Mary Elizabeth Young Eves against her father. It is unknown, therefore, whether a sale did in fact take place in the mentioned proceedings. Likewise, it is unknown, if such a sale did occur, whether it took place before or after the death of Olympus Young. By notarial act dated November 14, 1877, Elizabeth Virginia Young, wife of Edward D. Talbot, Mary Elizabeth Young Eves and Pauline Young, feme sole, declaring themselves “owners in common in equal shares” amicably partitioned the 1331 acres formerly owned by their father.
The act of partition describes the property allegedly held in common as follows:
“A certain plantation situated about half a mile below the town of Morgan City (late Brashear), in the Parish of St. Mary, Louisiana, bounded in front by Bayou Boeuf, in the rear by lands of R. B. Lawrence, on the East by lands formerly owned by John Collins, and on the west by lands belonging to Mrs. M. M. Young, containing One Thousand Three Hundred and Thirty One (1331) acres, more or less, and formerly owned by Olympus Young.”
It is conceded the above description includes the E% of the SE%. of Section 12.
Attached to the act of partition is a map by A. Fields which is expressly referred to in the instrument of division. It reflects a division of the 1331 acres into three equal tracts of 443% acres each. The map also shows the entire property to be divided as being enclosed in red lines appearing thereon. The approximate division lines of the three parcels allotted the respective co-owners are designated thereon by blue lines.
The partition agreement itself recites that the owners “desire to partition and divide said property between themselves in the following manner: “The act then allots the westerly 443% acres of the 1331 acres divided to Eliza V. Young, wife of Edward B. Talbot. Included in the description of the land allotted Mrs. Talbot, the following appears:
“West half of Section Twelve, Township Sixteen, Range Twelve East (W/2 Sec. 12, T. 16 S. R. 12 E) containing Two Hundred and Seventy-Four and Forty-Four Hundredths (274.44 A).”
After allotting the westerly 443% acres to Mrs. Talbot, the easterly 443% acres is granted to Pauline Young. The central 443% acres is then awarded to Mary Young, wife of Dr. Abram E. Eves.
It is conceded that the E% of the SE % of Section 12, T. 16, R 12 E., is not specifically described in the act of partition as being allotted to either of the co-owners. Likewise conceded is the fact that the description of property allotted Mary Young Eves contains the following described parcel:
“The East Half of the South West quarter Section Twelve Township Sixteen South Range Twelve East (E% of S.W,i4 Sec. 12, T. 16 S. R. 12 E) containing Seventy-three and Seventy-five Hundredths Acres (73.75 A).
Neither can it be disputed that the E% of the SE}4 of Section 12, T. 16 S. R. 12 E, lies within the red and blue lines of the Fields plat designating the central 443% acres acquired by Mrs. Eves individually, for the attached Fields plat expressly so shows.
The three parcels formed by the partition agreement are each described as specific portions of governmental subdivisions and by reference to a stated acreage situated east and west of a line drawn *774 along a fixed governmental subdivision line. The partition act concludes with the following recitation:
“It is agreed that the approximate division lines marked on Field’s map hereto annexed shall be run by Ernest Gourrier, Surveyor, and shall establish permanent boundaries, the expense of fixing which lines shall be equally shared by the parties to this act.
“It is further agreed that a map made by A. Fields in 1837 shall be annexed hereto for reference, and that an additional map to be drawn by Ernest Gourrier, after he shall have fixed and established permanent boundaries as aforesaid, shall be hereto annexed and that both of said maps shall form part of this act, it is further agreed and stipulated that the boundaries to be fixed and established by said Gourrier on the map to be drawn by him shall be permanent.”
By warranty deed dated January 24, 1881, Mary Young Eves sold subject tract to Ozeme Ditch, who in turn conveyed to Mehitable Young. Defendants claim of ownership is as legatee in the will of Brynes M. Young, the last surviving son of Mehitable Young.
It is undisputed that since the -sales by Mary Young Eves and Eliza Young Talbot, subject property has never been claimed by either of said parties, has never been assessed in the name of either of said parties, and has continuously been assessed in the name of defendants and defendants’ ancestors in title.
It is conceded that the record in the Succession of Olympus Young does not disclose the date of his death. In essence, appellants contend that since the Succession of Olympus Young shows that he was survived by his five children and his widow whom he instituted as testamentary heir, and since there is no record of a sale of the 1331 acre plantation from Young to his three children by his first marriage, the property still legally belongs to the aforesaid heirs who never partitioned or disposed of same.
Appellants maintain first that the alleged partition of November 14, 1877 was a nullity because it was not a completed act but, as indicated by the hereinabove quoted concluding paragraphs, was not intended by the parties to be complete until the boundaries were marked by Gourrier, Surveyor. Alternatively, appellants argue on authority of Sun Oil Co. v. Smith, 216 La. 27, 43 So.2d 148, and Lang v. Fornea, La.App., 135 So.2d 643, that the partition was void as to all persons having an interest in the property because some of the owners were not parties thereto. Appellants further contend that defendants are relying upon a “lost or misplaced deed” which cannot be established by parol evidence. By supplemental pleadings, plaintiffs have attacked the will of Byrnes M. Young as being null and void.
Defendants have filed pleas of estoppel and prescription. The plea of estoppel, which was sustained by the trial court, is predicated on the premise that since plaintiffs claim as heirs of Mary Young Eves, Eliza Young Talbot and Pauline Young, they are bound by the declarations in the partition that their ancestors in title were the sole heirs of the property at the time of division, and are further bound by the warranted title which their ancestors in title conveyed to the third parties from whom defendants derive title. Defendants also contend the partition agreement was a completed and valid transaction.
Appellants complain that the trial court erred in granting summary judgment on defendants’ pleas of estoppel because there are disputes as to numerous issues of material fact. Among these, appellants list the absence of a showing of the date of death of Olympus Young, the absence of a sale from Olympus Young to his three daughters, and the alleged invalidity of the partition agreement relied upon by defendants. Appellants contend the trial court also erred in granting a summary judgment which did *775 not dispose of all the issues, namely, the alleged invalidity of the will of decedent Byrnes M. Young, contrary to the jurisprudence established in Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542. We find, as did the trial court, that all material issues of fact relative to disposition of defendants’ pleas of estoppel are undisputed. We also find that the trial court properly decided the legal issues raised thereby.
Under the circumstances of this case, it is a matter of no moment that no sale appears of record from Olympus Young to his three children who partitioned, as owners, property formerly standing in the father’s name. Plaintiffs are bound by the declarations of their ancestors to the effect that the parties to the partition at issue were, in fact, the sole legal owners at the time of division.
It is well settled in our jurisprudence that all parties to a deed, and their privies as well, are bound by and estopped from denying or contesting the truth of all material facts asserted in the instrument. Lewis v. King, 157 La. 718, 103 So. 19; Sandifer v. Sandifer’s Heirs, La.App., 195 So. 118; Humble Oil & Refining Co. v. Boudoin, La.App., 154 So.2d 239.
The doctrine of estoppel which binds parties to an agreement, as regards declarations therein, applies only to statements or declarations which are of the essence of the contract, that is, where the contract presumably would not have been entered into unless the recited facts actually existed. The doctrine of estoppel in such instances does not apply to statements or recitals which are immaterial and are not contractual or essential to the purposes of the agreement. Succession of Sonnier, La.App., 208 So.2d 562.
Ownership in common is an indispensable element to an act of partition. La.R.C.C. art. 1308; Starr Davis Oil Co., Inc. v. Webber, 218 La. 231, 48 So.2d 906. Appellants’ ancestors in title, having made this vital declaration in the act under consideration, appellants are bound thereby and estopped to deny the truth thereof. Watson v. Succession of Barber, 105 La. 456, 29 So. 949. Appellants are not only bound by the partition, but by the subsequent transfers made by the parties through whom appellants claim title, including the implied legal warranty attending said transfers pursuant to La.R.C.C. art. 2501.
Where an ambiguity or error exists with regard to the description in a deed, an attached map or survey relating to the ambiguity or error will control, Casso v. Ascension Realty Co., 195 La. 1, 196 So. 1.
Where a map is annexed to a deed and reference made thereto in the description contained in the deed, the map is part of the deed the same as if copied therein. Werk v. Leland University, 155 La. 971, 99 So. 716.
If an inconsistency exists between the description in a deed and an attached map or plat, the description in the map or plat prevails. Missouri Pacific Railroad Co. v. Littleton, La.App., 125 So.2d 37.
The act of partition leaves no doubt that the owners intended to divide the property into three equal tracts containing 443^4 acres each. The first allotment of 443% acres went to Mrs. Talbot, and comprised the westerly third of the property, expressly including the Wt/2 of Section 12. The subsequent allotment of the Ej4 of the SWJ4 of Section 12 to Mrs. Eves was obviously in error. The E|^ of the SWJ4 had been previously granted to Mrs. Talbot. Obviously, the property intended for Mrs. Eves was the E]4 of the SEJ4 of Section 12. That this is so is attested by the fact that the attached Fields plat shows the W}4 of Section 12 situated within the westerly third of the parent tract between blue lines denoting the property awarded to Mrs. Talbot. Equally sig *776 nificant is the fact that the Fields plat shows the Ei/£ of the SEJ4 lying between the blue lines designating the central 443¿4 acres received by Mrs. Eves. The map reveals the obvious error; the map controls.
Subsequent to, but on the same date as the partition, namely, November 14, 1877, Eliza Young Talbot sold, under general warranty deeds, to Mehitable McLellan the West half and to Ozema Ditch the East Half of the tract received by her in the partition.
On January 24, 1881, Mary Young Eves sold to Ozema Ditch the West Half and to Mehitable McLellan the East Half of property described in part as follows:
“ * * * a certain tract or parcel of land lying and being situated in the Parish of St. Mary, Louisiana, fronting on Bayou Boeuf, near Morgan City, Louisiana, said tract being the same property acquired by the present vendor by an act of partition executed by and between the heirs of Olympus Young dec’d before Philip H. Mentz, a Notary Public of Morgan City, Louisiana, on the 14th day of November, A.DJ877, to which act reference is hereby made as describing in detail the measurement and boundaries of the land herein mentioned; ;j< # * »
Appellants assert that a genuine issue of material fact exists concerning the property intended to be conveyed by the sales from Mrs. Eves to Ditch and McLel-lan. The rationale of the argument is that since the description refers to property acquired in a partition among the heirs of Olympus Young, and since decedent left five legal heirs and one testamentary heir, uncertainty exists as to the property intended to be conveyed because no partition exists of record among the six heirs of Olympus Young. The argument is without merit.
The recitation in the deeds to Ditch and McLellan from Mrs. Eves makes specific reference to the partition of November 14, 1877, and expressly states that reference is made thereto for the description in detail of the measurement and boundaries of the lands intended to be conveyed. Again, there is no dispute as to the facts. The deeds clearly reflect who is selling, the source of the vendor’s title, and the property intended to be sold.
Appellants’ reliance upon Sun Oil Co. v. Smith, above, and other cited authorities as ground for alleged nullity of the partition agreement is without merit. It suffices to state that all of the quoted cases are clearly distinguishable in fact in that they involve instance of attacks on partitions instituted by persons who were neither parties to the partition nor claimed through persons who were privies thereto. In this instance, plaintiffs claim as privies of persons who participated in a partition proceeding as owners. For the reasons hereinabove set forth, plaintiffs are bound by the actions of the persons through whom they claim.
We likewise note that appellants’ attack on the partition on the ground that it was not a completed transaction and was not to be effective until the Gourrier map was drawn and attached is not based on a dispute as to a material fact. This position is based rather on an interpretation of or the legal effect to be accorded the instrument in the light of its content and the undisputed action of the co-owners subsequent thereto.
The language of the partition act belies intent to make a provisional partition or one that would not be complete and binding upon the signatories until the Gourrier survey was completed and attached. The agreement shows intent to make the partition immediately effective with the boundaries to be subsequently marked in conformity with the agreement at the common expense of the parties. It does not appear that the boundaries, as recited in the partition, were ever surveyed and monuments established by Gourrier. The action of the *777 co-owners in selling the property subsequent to the partition, according to the attached Fields plat, is not a disputed fact. It confirms the intent to make the partition effective upon execution. That this is so is graphically illustrated by the undisputed fact that one former co-owner sold her interest acquired at the partition on the same day the partition was con-fected.
Appellants correctly contend that summary judgment may not lie unless all issues of a cause are thereby settled. Stevens v. State Mineral Board, 255 La. 857, 233 So.2d 542. However, under the procedural posture of this cause, the trial court did, in fact, dispose of all issues properly before it in this present proceeding.
As previously indicated, plaintiffs have attacked the validity of the will of decedent Byrnes M. Young which was probated in probate proceeding Number 7539 on the docket of the Honorable Sixteenth Judicial District Court, St. Mary Parish. The pleading filed herein seeks the nullity of the will on the same grounds alleged in decedent’s probate proceedings; it being asserted that the petition of nullity in the succession proceeding is incorporated in these present proceedings by reference. The petition filed in the probate proceeding does not form part of this record, and we are uninformed as to the alleged cause or causes of nullity on which the will is attacked. Following the filing of plaintiffs’ second supplemental and amending petition, defendants filed a declinatory exception of lis pendens (based on plaintiffs’ suit against the succession) and a peremptory exception based upon LSA-C.C.P. art. 2931, and a want of indispensable parties in that other legatees under the will are not made parties in these proceedings.
LSA-C.C.P. art. 2931 provides:
“A probated testament may be annulled only by a direct action brought in the succession proceeding against the legatees, the residuary heir, if any, and the executor, if he has not been discharged. The defendants shall be cited, and the action shall be tried as an ordinary proceeding.”
The trial court did not pass on the exceptions above noted. It is evident, however, that defendants’ exception predicated upon LSA-C.C.P. art. 2931 is well founded and should have been sustained by the trial court.
It is well settled that a suit to annul a will, which has been admitted to probate, must be brought in the probate court in which the succession proceedings were held. Succession of Duplessis, 10 Rob. 193; Succession of Cotton, 170 La. 828, 129 So. 361. Defendants’ exception predicated upon LSA-C.C. P. art. 2931 is sustained, and plaintiffs’ demands for the nullity of the testament of decedent. Byrnes M. Young in these proceedings is rejected and dismissed without prejudice.
Since plaintiffs’ petition to annul the will of decedent Byrnes M. Young does not present an issue justiciable in these proceedings, plaintiffs’ claim that summary judgment does not lie herein because the judgment rendered does not resolve all issues in this action is without merit.
We find no merit in appellants’ complaint that the trial court should not have considered defendants’ plea of estop-pel in granting the motion for summary judgment because the motion was not expressly predicated on the plea of estoppel. Defendants’ answers plead estoppel as an affirmative defense. In disposing of the motion for summary judgment, it was within the province of the trial court to decide the merits of the motion for summary judgment in the light of any defense tendered by defendants. LSA-C.C. P. art. 966.
*778 Because appellants are estopped to claim an interest in subject property, they are deemed to have failed to establish good title to the land in dispute, an element indispensable to their alternative claim for an accounting of revenues. Accordingly, the alternative claim must be denied.
It is ordered, adjudged and decreed that appellants’ demand for the nullity of the will of decedent Byrnes M. Young in these proceedings be and the same is hereby dismissed, without prejudice. It is further ordered, adjudged and decreed that the judgment of the trial court granting summary judgment in favor of defendants be and the same is affirmed at appellants’ cost.
Affirmed,