SHORTESS, Judge.
Earl J. Eastin (plaintiff) filed suit against Lou Tabor (Tabor) and First of Georgia Underwriters Company (Georgia) seeking damages for defendants’ alleged negligence in failing to provide additional living expenses as provided under a policy of fire insurance for his home. Defendants filed exceptions of no cause of action which were granted by the trial court, and his suit was dismissed. He has appealed to this court.
The facts as alleged in plaintiff’s petition show that a garage fire broke out on June 30, 1983, which caused severe fire and smoke damage throughout plaintiff’s house; that plaintiff filed a claim the same day with Georgia; that the next day, Tabor, Georgia’s adjustor, issued to plaintiff a check for $750.00 for emergency work and temporary living quarters; that plaintiffs insurance policy with Georgia provided coverage for additional incurred living expenses to enable him in the event of a loss to continue as nearly as practicable his normal standard of living for a period not to exceed the time required to repair or replace the damaged property; that some delay ensued before a second living expense check was tendered, and it was not *71 forthcoming until July 15,1983, at approximately 6:30 p.m.; that during this time plaintiff and Tabor had obtained repair estimates; that plaintiff’s estimate was for $12,300.00; that Tabor got an estimate for $10,153.23; that negotiations for settling the claim were unsuccessful initially, and Tabor thereafter refused to make any additional living expense payments to plaintiff; that said refusal by Tabor forced plaintiff . to move back into his unsafe, fire-damaged home on August 9, 1983; that on August 10 plaintiff stepped on a piece of pointed glass in his home which was left from the fire causing damage to the upper part of his foot; that this accident occurred solely through the willful and wanton negligent bad faith actions of Tabor, Georgia’s agent. When dealing with the exception of no cause of action, the reviewing court is bound by the rule of law restated by our Supreme Court in Sanborn v. Oceanic Contractors, Inc., 448 So.2d 91, 92 (La.1984):
It is well settled that the exception of no cause of action must be decided upon the face of plaintiff’s petition alone, and that all well-pleaded allegations of fact are to be considered as true. The reviewing court must determine whether the law affords a remedy under the circumstances alleged, under any theory of the case. (Emphasis ours.)
Plaintiff concedes that the issue of payment of living expense was mooted when he settled his entire claim with another adjustor. He also argues that he is not attempting to recover under the bodily injury exclusion of his fire insurance policy.
Plaintiff argues in brief that his petition does state a cause of action because Tabor was well aware of all the fact» and that the purpose of additional living expense coverage was to aid him in obtaining a safe place to live until his home was again safe for habitation. Notwithstanding this knowledge, plaintiff argues that Tabor acted in total disregard for his physical welfare by cutting off the living expense check and thereby forcing him to move back into his fire-damaged house and sustain injury.
Simply stated, plaintiff argues that his cause of action rests upon defendants’ total disregard for his physical well-being as set forth in his petition. He cites as authority LSA-C.C. arts. 2315 and 1934(2).
Article 2315 requires fault, causation, and damage. Article 1934(2),[1] in dealing with damages resulting from a bad faith breach of contract, would make defendants liable for damages as might have been foreseen at the time of the making of the contract and also for damages which are the immediate and direct consequence of the breach of the contract.
ARTICLE 2315
As we appreciate the allegations of plaintiff’s petition, it is the refusal to make living expense payments which is the factual predicate for defendants’ fault. Yet we note that the fire occurred on June 30 and that plaintiff received checks on July 1 and July 15 according to his own petition. Under the terms of the policy, he was not entitled to advances for living expenses. In Young v. State Farm Fire & Casualty Insurance Company, 426 So.2d 636 (La.App. 1st Cir.1982), we said in response to a similar argument advanced by plaintiff that he would be entitled to fair value of what it would have cost to maintain the same standard of living even if no expenses were incurred:
This argument is contrary to the language of the policy which states it “covers the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living....” (Emphasis added.). Since no evidence was introduced to show additional living expenses were actually incurred, and since none seemed to have been necessary to maintain Mr. Young in a standard of living similar to that of which he was accustomed, we reverse the award for additional living expenses. This award was *72 contrary to the evidence presented and was clearly wrong.
Young, 426 So.2d at 645.
In paragraph 5 of his petition, plaintiff quotes from the Georgia insurance policy as follows:
If a property loss covered under this policy renders the the premises untenantable, this policy covers the necessary increase in living expense incurred by the Named Insured to continue as nearly as practicable the normal standard of living of the Named Insured’s household for not exceeding the period of time required:
1. To repair or replace such damaged or destroyed property.
[[Image here]]
Plaintiff has not alleged that defendants failed and refused to pay his incurred living expenses. We find that plaintiff has alleged no facts upon which to make a finding of fault in connection with his claim under LSA-C.C. art. 2315.
ARTICLE 1934(2)
To recover under this article plaintiff must allege facts which would prove a bad faith breach. The facts as alleged show no breach. On the contrary, they show that on two occasions within a two-week period after the fire Tabor gave checks to plaintiff for living expenses.
CONCLUSION
We agree with the trial court that plaintiffs petition did not state a cause of action under any theory. We note, however, the provision of LSA-C.C.P. art. 934 which permits an amendment to cure a defective petition. Accordingly, we find that a remand is proper to afford plaintiff an opportunity to amend within thirty days. If the grounds for the objection cannot be cured, or if plaintiff fails to comply with this order to amend, then the trial court is ordered to dismiss this suit. All costs of this appeal are taxed to plaintiff.
REMANDED WITH INSTRUCTIONS.

. The successor article to LSA-C.C. art. 1934(2) is LSAC.C. art. 1997.