506 So.2d 730 (1987)
Sylvio C. TUCKER and Sam J. Tucker
v.
Harold KELLY, et al.
Nos. CA 86 0098, CA 86 0996.
Court of Appeal of Louisiana, First Circuit.
April 14, 1987.
*732 Samuel C. Cashio and Richard J. Ward, Jr., Marinqouin, for plaintiffs-appellees defendants, Sylvio and Sam Tucker.
William L. Kimball, Port Allen, for Zito, Comstock, Bergeron and Edith Pearl.
William F. Wessel, Wessel, Bartels & Ciaccio, New Orleans, for Raymond Comstock and Sammy Ray Zito.
Francis A. Smith, Jr., New Roads, for Bertha M. Poirier, et al.
John Wayne Jewell, New Roads, for Rita Kelly, et al.
Before GROVER L. COVINGTON, C.J., and LANIER and ALFORD, JJ.
LANIER, Judge.
This litigation commenced with a petition for partition by licitation of immovable property located in Pointe Coupee Parish, Louisiana, filed in 1978. In 1980, judgment was rendered in the trial court ordering the property partitioned by licitation, excluding the mineral interests. No appeal was taken from this judgment, and the property was sold at public auction (Sheriff's sale) on September 3, 1980, to Sammy R. Zito and Raymond J. Comstock (two of the parties to the suit) for $188,500. Subsequently, the partition notary filed a proces-verbal in which he set forth what he determined to be the ownership interests and requested homologation. The ownerships listed in the proces-verbal differed in some respects from the parties listed in the suit for partition. Zito and Comstock opposed the homologation. On July 25, 1983, Zito and Comstock filed a petition to rescind the partition of the property. Two of the defendants in this suit to rescind, Sylvio C. Tucker and Sam J. Tucker, filed two peremptory exceptions raising the objections of no right of action, no cause of action and prescription. The trial court sustained the objection of no cause of action raised in the peremptory exception and dismissed the petition to rescind. Zito and Comstock took this devolutive appeal. Subsequently, the trial court rendered judgment homologating the proces-verbal submitted by the notary. Zito and Comstock took a separate devolutive appeal from that judgment, and that appeal has been consolidated with the prior appeal herein.

NO CAUSE OF ACTION
In McGowan v. Ramey, 484 So.2d 785, 790 (La.App. 1st Cir.1986), appears the following:
The objection of no cause of action raised in a peremptory exception tests the legal sufficiency of the petition and all the allegations of the petition are accepted as true; an objection of no cause of action is sustained only where the law affords no remedy to plaintiff under the allegations of his petition.... If a petition states a cause of action on any ground or portion of the demand, the objection of no cause of action must be overruled.... The purpose of sustaining an objection of no cause of action is to dismiss the entire cause of action, not a part of it.
In their petition to rescind, Zito and Comstock contend they are entitled to rescission of the partition sale because it did not convey merchantable title to all of the property. They assert in brief the title is not merchantable because (1) all co-owners were not cited and/or served in the suit, (2) there are numerous unopened successions in the chain of title, and (3) "the parties to the partition did not hold their interests in common, as some held mineral rights in the property while others did not."
Property may be held in indivision and owned jointly (in common) by more than one person; each person owns an interest in the whole and does not own any particular part. Steele v. Denning, 456 So.2d 992 (La.1984). However, no one can be compelled to hold property in indivision with another; anyone who owns in indivision with another has a right to the division or sale of the thing held in common by the action of partition. La.C.C. art. 1289. Partition *733 is described as a sort of exchange where one gives up his right in a thing to another for the right of the other in the thing one takes. La.C.C. art. 1382. The right to partition is substantively defined in Chapter 12Of the Partition of Successions, of Title IOf Successions, of Book IIIOf the Different Modes of Acquiring the Ownership of Things, of our Civil Code. La.C.C. arts. 1289-1414. Although these rules are found in the law of successions, they have general application to all instances where there is co-ownership of property. La.C.C. art. 1308; Bernardi v. Chesson, 451 So.2d 145 (La.App. 1st Cir.1984).[1]
The causes for rescission of partitions are set forth in La.C.C. arts. 1397-1414. These causes are the radical vices of violence (duress), fraud and error (La.C.C. art. 1397), lesion of more than one-fourth part of the true value of the property (La.C.C. art. 1398), and failure to join a co-owner (La.C.C. art. 1412).

Failure to Join All Co-owners
Prior to 1952, it was uniformly held that the failure to properly join any co-owner in a partition proceeding invalidated the proceeding as to all co-owners. La.C.C. art. 1412; Johnston v. Burton, 202 La. 152, 11 So.2d 513 (1942); Amerada Petroleum Corporation v. Reese, 195 La. 359, 196 So. 558 (1940); Latham v. Glasscock, 160 La. 1089, 108 So. 100 (1926). Act 403 of 1952 enacted La.R.S. 13:4985-4990, which provide, in pertinent part, as follows:
La.R.S. 13:4985:
Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition the fact that one or more co-owners are not parties thereto shall not affect the validity of such partition as to the co-owners who are parties thereto or their heirs or assigns; provided that the rights of any co-owner not a party to such partition shall not be affected thereby and the interest of such co-owner in the property partitioned shall remain the same as if the property had not been partitioned.
La.R.S. 13:4987:
The term `co-owner' as used in R.S. 13:4985 through R.S. 13:4990 is defined as the owner of any interest in the real property partitioned or any interest affecting such real property which renders such co-owner a proper party to a partition thereof.
La.R.S. 13:4988:
The provisions of R.S. 13:4985 through R.S. 13:4990 shall be effective as to all parties including absentees, minors, and interdicts.
La.R.S. 13:4989:
Nothing in R.S. 13:4985 through R.S. 13:4990 shall prevent any court in any judicial proceeding in which real property is sought to be partitioned, upon proper motion or exception, from ordering that any co-owner not then a party be joined as a party thereto.[[2]]
The purpose of Act 403 of 1952 is discussed in Note, PartitionThe Effect of R.S. 13:4985 on Partitions Made Without Representation of All Co-owners, 24 La.L. Rev. 122, 124-125 (1963), as follows:
The Louisiana courts have consistently held a partition in which all of the co-owners are not represented to be absolutely null and with no effect on any party to the partition. Thus any co-owner, even a party to the partition, could have it set aside upon proving that some other person with an interest in the property had not been a party to the partition. This rule undermined the stability of land titles in Louisiana. The courts have continually held that since the partition is null, any sale made under it is null and `the purchaser at such a sale is not protected by the decree for a partition.'

*734 In an obvious attempt to remedy this situation, while at the same time protecting the rights of the unrepresented co-owner, the legislature passed Act 403 of 1952,.... The act is retroactive and effective against all parties including interdicts, minors, and absentees.
[Footnotes omitted.]
The case of Lewis v. Bell, 137 So.2d 706 (La.App. 3rd Cir.1962), which is very similar factually to the instant case, appears to be the first case in the jurisprudence[3] to apply La.R.S. 13:4985. In Lewis, two judgments against different defendants were rendered in one suit for partition, which judgments ordered a partition by licitation. No appeals were taken from the judgments in the first suit. Thereafter, some of the parties to the first suit filed a second suit to rescind the judgments in the first suit and the subsequent sale of the property alleging the discovery of additional owners. A peremptory exception raising the objection of no cause of action was filed in the second suit which was sustained by the trial court. In affirming this ruling, the Third Circuit Court of Appeals quoted with approval from the trial court's reasons for judgment as follows:
`The plaintiffs to this suit were parties to Suit No. 9302. They had their day in court. They knew that judgment was rendered. They did not make any appeal within the delays allowed by law. They do not allege fraud or other ill practices on the part of the plaintiffs in Suit No. 9302. Neither does it appear to this court that the enforcement of the judgment is unconscionable and inequitable. I thoroughly agree that it would be much more desirable to have all of the property owners brought before the court and their interest property [sic] determined before the property is partitioned by licitation. But our law does not require that all co-owners be joined in order to make the partition by licitation binding on those co-owners who are parties to the suit. LSA-R.S. 13:4985 reads as follows:
. . . .
`To hold that where co-owners are not joined the judgment is subject to attack under Code of Practice Article 607 because it it [sic] unconscionable and inequitable, would be holding that R.S. 13:4985 does not have any effect.' [Emphasis added.]
Lewis, 137 So.2d at 708-709.
Lewis v. Bell was cited with approval in Brodnax v. Williamson, 417 So.2d 74 (La. App. 3rd Cir.1982).
We agree with our learned brothers of the Third Circuit that La.R.S. 13:4985 clearly provides that a partition by licitation is binding on the parties thereto, even though some co-owners were not parties to the suit to partition. A review of the petition to partition herein shows that the plaintiffs in this suit to rescind, Raymond Comstock and Sammy Ray Zito, were parties in the suit for partition. It must inexorably follow that Comstock and Zito have no cause of action to rescind the partition by licitation on the ground that some co-owners were not made parties to the partition suit.

Unopened Successions in the Chain of Title
Comstock and Zito contend there are sixteen unopened successions in the title to the partitioned property, "for the partition and sale to be valid, then, these successions must be opened, and the various interests determined;" otherwise, the partition sale "is in direct contravention of the rule of law" that "while the whole of an heir's right to a succession may be legally sold, it is not permissible to sell only an heir's undivided interest in a particular piece of property", citing Succession *735 of Cutrer v. Curtis, 341 So.2d 1209 (La. App. 1st Cir.1976), writ denied, 343 So.2d 201 (La.1977); Succession of Griffin v. Davidson, 125 So.2d 30 (La.App. 2nd Cir. 1960); Van Der Karr v. Stead, 21 So.2d 111 (La.App. 1st Cir.1945); Lacaze v. Hardee, 7 So.2d 719 (La.App. 2nd Cir.1941).
La.C.C. arts. 1307-1321 set forth who may be parties to a partition suit. The action of partition lies between testamentary or ab intestato heirs, universal legatees or legatees under universal title, particular legatees when a thing is bequeathed in common with others, and all persons who hold property in common by whatever the cause. La.C.C. arts. 1307 and 1308. Heirs of coheirs and any other successor may be parties plaintiff or defendant in a partition. La.C.C. art. 1318. Specifically, La.C.C. art. 1320 provides as follows:
It is not necessary, to support the action of partition, that the coheirs, or the party commencing it, should be in actual possession of the succession or of the thing to be divided; for among coheirs and coproprietors, it is not the possession but the ownership, which is the basis of the action. [Emphasis added.]
In Ditch v. Finkelstein, 399 So.2d 1216, 1220 (La.App. 1st Cir.1981), this court observed as follows:
As a preliminary matter, we find it unimportant that the act of partition was entered prior to the time of the judgment of possession. It is true one must own property before one has the right to partition property. Samuels v. Parsons, 146 La. 262, 83 So. 548 (La.1919), rehearing denied 1919. But in Louisiana, ownership of succession property passes to the regular heirs as of the moment of death, without the necessity of formal proceeding. La.Civ.Code art. 940, 941; Hibbert v. Mudd, 294 So.2d 518 (La.1974). Therefore, at the time the heirs executed the act of compromise they did in fact `own' the property with which they were dealing. [Bolding added.]
In Guidry v. Cheramie, 345 So.2d 157 (La. App. 1st Cir.1977), reversed on other grounds, 354 So.2d 1280 (La.1977), appellants sought to annul a default judgment granting a partition by licitation and a subsequent sale on the ground, among others, that the proof of ownership was insufficient. In rejecting this claim, the court in Guidry v. Cheramie, 345 So.2d at 162 observed as follows:
The basis for the claim of nullity is that there was an invalid default judgment rendered against the defendants in the partition proceeding. The opponents contend that the evidence submitted at the trial of the confirmation of default was legally insufficient to support a judgment. They complain that there is no evidence to establish title in the persons named in the judgment. An examination of the record reveals that there were introduced into evidence certain documents concerning title to the property, such as a sale from Odeia Cheramie Pierce to Numa Guidry of a 1/6th interest in the subject property. There was also filed a copy of the Judgment of Possession in the Succession of Andrew A. Cheramie, August 19, 1955. The opponents do not question the accuracy of ownership or the interest of any of the parties named in the default judgment. They do not claim that the ownership and the undivided interests set out in the judgment are incorrect. In a partition suit it is unnecessary for a plaintiff to establish a complete chain of title, both to himself and the defendants, where the respective interests are not denied. It is not necessary that forced heirs have their ownership recognized by a judgment of possession as a prerequisite to bringing a partition proceeding, particularly where there is no genuine dispute over title. [Emphasis added.]
The cases cited by the appellants do not pertain to partitions and also are factually distinguishable from the instant case.
We perceive this objection by the appellants to be a collateral attack on the sufficiency of the proof of ownership in the *736 partition suit. Such an objection is not a cause to rescind a partition.[4]

Property Not Held in Common Because of Outstanding Mineral Ownership
The appellants argue that the right to partition is limited to those who hold a thing in common; that several of the co-owners had alienated their mineral rights or divested themselves of them; that even though the partition sale did not pertain to the minerals, the parties to the partition did not hold their interests in common; and, therefore, the partition was improper, citing Steele v. Denning.
Steele v. Denning does not apply to this case. In that case, the issue was whether a person who owned an undivided interest in land, without the attendant mineral rights, had a right of action to petition for the partition by licitation of the land and the mineral rights. The Louisiana Supreme Court held that a landowner and a mineral servitude owner did not hold a thing in common as required by La.C.C. art. 1289, and a landowner who did not have mineral rights had no right to partition the land and the mineral rights.
We perceive this objection to be a belated attempt by the appellants to collaterally attack the right of the plaintiffs in the partition suit to bring an action to partition the land and not the minerals. Such is not a cause to rescind a partition. La.R.S. 31:179 provides as follows:
The owner of a mineral right or interest therein is a necessary party to an action for partition of the land subject to his right. If the owner of a mineral right or interest therein is not made a party to such an action, the partition is not invalid, but the right or interest therein is not extinguished or otherwise affected.
In any event, only the land was partitioned herein; the mineral interests were not affected.

Conclusion
The trial court properly sustained the objection of no cause of action raised in the peremptory exception. However, La.C. C.P. art. 934 provides that, when the grounds of an objection raised in a peremptory exception may be removed by amendment of the petition, the judgment sustaining the exception shall order such amendment within the delay allowed by the court. In Alexander and Alexander, Inc. v. State, through the Division of Administration, 486 So.2d 95, 100 (La.1986), appears the following:
Under the provisions of La.Code of Civ.Proc. art. 934, it is mandatory that the trial judge permit an amendment to the petition when the grounds of the objection pleaded by the exception are of such a nature [as] might be removed by amendment....
As a general rule, the first `shall' in La.Code of Civ.Proc. art. 934 requires that the adverse party be given an opportunity to amend where there is a conceivable possibility that a cause of action may be stated.... However, the right to amend is not so absolute as to permit the same when such amendment would constitute a vain and useless act....
The judgment maintaining the exception of no cause of action in this case contains no order granting plaintiffs leave to amend their petition. We are of the opinion that, given the opportunity to amend, there is a possibility that plaintiff may be able to state a cause of action against defendants, and that the trial judge should have allowed such amendment. We will remand with the instructions that an order issue permitting *737 plaintiffs to amend their petition, if they can, to state a cause of action, within a delay deemed reasonable by the trial court. [Emphasis added.]
We have reviewed the trial court's excellent reasons for judgment and the judgment rendered pursuant thereto and find no order granting the plaintiffs in the petition to rescind leave to amend. Although it is not possible for said plaintiffs to state a cause of action to rescind on the ground that co-owners were not properly joined in the partition suit to which these plaintiffs were parties, there is a conceivable possibility that a cause of action may be stated for one of the other grounds for which a partition may be rescinded. Cf. Eastin v. Tabor, 491 So.2d 70 (La.App. 1st Cir.1986). Accordingly, while we affirm the judgment of the trial court sustaining the exception, we remand with instructions that an order issue permitting Zito and Comstock an opportunity to amend their petition, if they can, to state a cause of action, within a delay deemed reasonable by the trial court.

HOMOLOGATION OF PROCES-VERBAL OF PARTITION
Comstock and Zito contend the proces-verbal of the partition should not have been homologated for the same reasons the partition should be rescinded, and for the additional reason that the proces-verbal proposes to disburse proceeds of the partition sale to parties who were not parties to the partition suit. Specifically, it is contended that four defendants in the partition suit, namelyCarol Morvant Decourt, Frank Kelly, Jr., Alvin Morvant and Dominick Morvant, were not included in the proces-verbal, and nine persons who were not parties in the partition suit, or who were not served in the partition suit, namelyRita Kelly Guillot, Brenda Kelly, Cynthia Kelly, Frank Kelly, III, Harold Kelly and the wives of Charles S. Morvant, Frank A. Morvant, Sam J. Tucker and Sylvio C. Tucker, were included in the proces-verbal.
Our review of the record reveals the following facts. An answer was filed in the partition suit by Frank Kelly, III, which indicated he was erroneously sued as Frank Kelly, Jr. Rita Kelly Guillot was a party to the partition suit; she was originally sued as an absentee with court-appointed counsel but answered through retained counsel. Harold Kelly and/or the heirs of Harold Kelly was/were sued in the partition suit as an absentee and/or absentees with appointed counsel; answer was filed in the partition suit by retained counsel for Joycelyn Cook Kelly as the widow of Harold Kelly and natural tutrix of Harold's minor son, Harold Kelly, and Cynthia Kelly, the adult daughter of Harold Kelly. These parties were proper parties in the partition suit and in the proces-verbal.
The record shows that Brenda Kelly was listed in the petition for partition as an absentee and that counsel was appointed to represent her. The list of litigants and counsel (apparently prepared by the clerk of court and appearing on page one of the record of the partition suit) shows Brenda Kelly Bond was represented by retained counsel. The title charts filed in the partition suit show Brenda Kelly as owner of a 1/70 interest in the property. The proces-verbal attributes a 2/140 (1/70) interest to Brenda Kelly Bond. The transcript of the rule to homologate the proces-verbal shows Brenda Kelly Bond was represented therein by retained counsel. The citation and sheriff's return in the partition suit for Brenda Kelly is not in the record before us, and, thus, we cannot determine if she was served or not. The inadequacy of a record is imputable to the appellants; where appellants allege facts and these facts are not supported in the record by evidence, it is presumed that the trial court's judgment is correct. Brousseau v. Tucker, 479 So.2d 446 (La.App. 1st Cir.1985), writ not considered, 481 So.2d 1329 (La.1986).
The appellants are correct in observing that Carol M. Decourt, Alvin Morvant and Dominick Morvant, Jr. were sued as owners-defendants in the partition suit but were not included in the proces-verbal. The list of litigants and counsel indicates that these three parties were "Unrepresented (Unable to locate)." The citations and sheriff's returns for these parties are *738 not in the record before us. The proces-verbal does not explain why these parties were not included therein. According to paragraph 11 of the petition in the partition suit, Dominick Morvant, Sr. acquired a 1/56 interest in the property by inheritance and was survived by Carol Morvant Decourt, Alvin Morvant and Dominick Morvant, Jr. In his answer to the petition for partition, Frank Morvant alleged he "acquired the interest of the heirs of Dominick Morvant, Sr." The title charts filed in evidence show that Frank Morvant and Dominick Morvant, Sr. were two of the eight children of Peturina Favarot Morvant who inherited a 1/7 interest in the property. However, the title charts in the record do not show any conveyance by Carol Morvant Decourt, Alvin Morvant and Dominick Morvant, Jr. to Frank Morvant. The proces-verbal shows that Frank Morvant and his wife owned a 2/56 interest in the property. The title charts show Frank Morvant inherited a 1/56 interest in the property. The proces-verbal does not explain why a 2/56 interest was attributed to Frank Morvant and his wife. At the rule to homologate the proces-verbal, the notary for the partition stated (apparently not under oath) that "Frank Morvant bought out one other family member." We have reviewed both records and do not find that an instrument of conveyance has been filed in evidence showing a transfer from Carol Morvant Decourt, Alvin Morvant and Dominick Morvant, Jr. to Frank Morvant.
At the trial of the suit for partition, Sylvio C. Tucker and Sam J. Tucker, the plaintiffs in the suit, filed in evidence seven acts of sale (Exhibits P-D through P-J) to establish their ownership interest. Each of these sales listed the purchasers as Sylvio C. Tucker and his wife, Ethel Hughes Tucker, and Sam J. Tucker and his wife, Vita Ruggirello Tucker. These sales indicate that the property acquired was community property. In 1978 when the partition suit was filed, the husband was the proper party plaintiff to sue to enforce a right of the community. La.C.C.P. art. 686. Pursuant to Act 711 of 1979, effective January 1, 1980, which was prior to the date of judgment in the partition suit, La.C. C.P. art. 686 was amended to provide that either spouse was the proper party plaintiff to sue to enforce a community right and when only one spouse sued the other spouse was a necessary party. Nonjoinder of a necessary party is an objection which may be raised in a dilatory exception. La. C.C.P. art. 926. Failure to timely raise this objection constitutes a waiver of it. Bank of New Orleans & Trust Company v. Brule, 389 So.2d 1148 (La.App. 4th Cir. 1980). The partition notary did not act improperly when he listed the wives of the plaintiffs in the proces-verbal which was filed after the effective date of Act 711 of 1979. At that point in time, they were necessary parties to the proceedings.
The title charts in the record show that Frank Morvant and Charles Morvant each inherited a 1/56 interest in the property. This inheritance is separate property in which their wives would have no interest. The title charts indicate that Charles Morvant acquired an additional 2/56 interest via two acts of sale; however, these acts of sale are not in the record before us. The proces-verbal allocates a 2/56 interest to Frank Morvant "and wife" and a 3/56 interest to Charles Morvant "and wife." Clearly, the wives of these two parties have no interest in 1/56 of each of these interests because they were inherited and, thus, separate property, and not community property. Because the two acts of sale to Charles Morvant are not in the record and because the title charts do not address the issue, there is no evidence of record to show how the wife of Charles Morvant acquired an interest in the property. Nevertheless, if this 2/56 interest was community property, then, at the time suit was filed in 1978, only the husband, Charles Morvant, was the proper party defendant. La.C.C.P. art. 735. La.C.C.P. art. 735 also was amended by Act 711 of 1979, but only one spouse remained an indispensable party to enforce an obligation against community property and the other was only a necessary party. If nonjoinder of a necessary party defendant is not timely raised, it is waived. (As previously indicated, there is no evidence of record to show how Frank Morvant and his wife acquired 1/56 of the 2/56 attributed to them.)
*739 A review of the petition to partition, the judgment ordering the sale and partition, the advertisement of the sheriff's sale, the sheriff's deed and the proces-verbal shows that it was the intent of all parties that the entirety of the property be sold. Specifically, the sheriff's deed conveys the entirety of the property to Comstock and Zito. The warranty given in a partition sale is set forth in La.C.C. arts. 1384-1396. Article 1384 provides as follows:
The coheirs remain respectively bound to warrant, one to the other, the property falling to each of their shares against the disturbance and eviction which they may suffer, when the disturbance or eviction proceeds from a cause anterior to the partition.
As previously indicated, although this provision is couched in terms of coheirs in a succession partition, it is also applicable to a partition between co-owners. At the trial of the suit to partition, the appellants offered no evidence to contradict the proof presented by the plaintiffs. On the face of the record before us, none of the co-owners are presently attacking the title of the appellants; the appellants are attempting to attack their own title which was acquired in a proceeding in which they participated. In this procedural posture, we will not render an advisory opinion on the validity of this title. Cf. Sandifer v. Sandifer's Heirs, 195 So. 118 (La.App. 2nd Cir.1940).
However, the appellants have correctly asserted several flaws in the proces-verbal that affect the distribution (partition) of the proceeds of the sale. Those errors are: (1) no evidence of record to show the entitlement of Frank Morvant and/or his wife to a 1/56 interest allegedly acquired from Carol M. Decourt, Alvin Morvant and Dominick Morvant, Jr.; (2) granting an interest to the wife of Frank Morvant in the 1/56 interest he inherited; (3) granting an interest to the wife of Charles Morvant in the 1/56 interest he inherited; and (4) no evidence of record to show how the wife of Charles Morvant acquired an interest in the 2/56 interest he purchased from others. The objections urged by the appellants to the proposed disbursals to the other co-owners are without merit.

DECREE
The judgment of the trial court sustaining the peremptory exception raising the objection of no cause of action is affirmed; however, this case is remanded to the trial court with the instruction that an order be issued to the appellants to amend their petition to state a cause of action, if they can, within a delay deemed reasonable. If the amendment is not made within the delay, or if the petition as amended still fails to state a cause of action, the trial court shall forthwith order the suit to rescind dismissed with prejudice. If the appellants successfully amend their petition and, after due proceedings, obtain a judgment rescinding the partition, the trial court then shall rescind also the homologation of the proces-verbal. However, if the suit to rescind is dismissed, the trial judge shall conduct an evidentiary hearing to properly determine the interests of Carol M. Decourt, Alvin Morvant, Dominick Morvant, Jr., Frank Morvant and his wife and Charles Morvant and his wife and order the notary to prepare and submit a supplementary partition in accordance with the trial court's factual findings and pursuant to La.C.C.P. art. 4611. The cost of this appeal is assessed 50% to the appellants and 50% to the appellees.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
NOTES
[1] The general procedural rules for partition are found in La.C.C.P. arts. 4601-4643. Special rules have been enacted for partitions of land and its mineral rights, La.R.S. 31:172-187, and community property, La.R.S. 9:2801.
[2] In the partition suit, Zito filed a dilatory exception pleading the objection of nonjoinder of a necessary party because the owners of mineral interests were not made parties pursuant to La.R.S. 31:179. The record does not reflect a disposition of this exception.
[3] In Succession of Ramp, 252 La. 660, 212 So.2d 419 (1968), the Court stated the pre-La.R.S. 13:4985 rule in discussing partition and then decided that the instrument in question was a compromise and not a partition. In Hewitt v. Watson, 345 So.2d 1302 (La.App. 3rd Cir.1977), all parties agreed that the partition had to be set aside for failure to join all co-owners and the sole issue on appeal was the assessment of costs. In Lang v. Fornea, 135 So.2d 643 (La.App. 1st Cir.1961), this court affirmed a trial court judgment which set aside a partition entered into by less than all co-owners and did not discuss La. R.S. 13:4985.
[4] Zito and Comstock did not contest the ownership of the parties in the partition suit. Each, through their respective counsel, answered with general denials. The transcript of the trial and the judgment ordering the partition show that Comstock appeared at trial through his attorney, Zito waived his presence at trial through his attorney, and neither party presented any evidence. At the trial of the suit for partition, the plaintiffs introduced into evidence two title charts and various acts of conveyance without objection. Judgment was rendered based on this evidence of ownership; there was no appeal from this judgment, and it had long been final when the suit to rescind was filed.