PLOTKIN, Judge.
The issue in this case is whether a creditor can secure a personal judgment for reimbursement of a decedent’s debts against the sole heir of an unopened solvent succession.
Plaintiffs, Mr. and Mrs. Lloyd Reed, seek recovery of monies allegedly expended on behalf of Albert James Taylor Jr. (Mr. Taylor, Jr.), father of defendant Albert James Taylor III, for funeral expenses, medical expenses, food and mortgage payments.
Defendant’s grandmother, Mrs. Mary Jackson Taylor Herron (Mrs. Herron), died intestate on November 15, 1983, leaving only a residence located on North Robertson Street, where she had lived for several years with her son, Mr. Taylor Jr. Following her death, Mr. Taylor, Jr., Mrs. Her-ron’s sole heir, continued to occupy the house until he died on February 15, 1986. He never opened or renounced his mother’s succession.
On July 15, 1986, the defendant formally opened and was placed into legal possession of his grandmother’s succession. At that time, he paid off the mortgage on the immovable property. Defendant has not opened his father’s succession, but occupies the property on North Robertson Street.
The plaintiffs went to the same church as Mrs. Herron. Mrs. Reed cared for Mrs. Herron prior to her death and for Mr. Taylor Jr. between the time of his mother’s death and his own death. After Mrs. Her-ron’s death, Mrs. Reed accompanied Mr. Taylor Jr. to the hospital on at least two occasions, when his legs were amputated. Additionally, she and other church members went to Mr. Taylor Jr.’s residence every day to cook for him. She took him to cash his monthly Social Security check of $349 and helped him pay his utility bills with that money. Additionally, Mrs. Reed’s granddaughter stayed at Mr. Taylor Jr.’s house at night after he lost both legs so that he would not be forced to go to a nursing home.
At trial, Mrs. Reed presented cancelled checks and the testimony of the bank’s loan officer to prove that she made mortgage payments on the house for approximately five years. She also presented a receipt indicating she paid $400 to get Mr. Taylor Jr. out of the hospital on one occasion. Finally, she proved that she had made all the arrangements for Mr. Taylor Jr.’s funeral and paid the funeral expenses.
*1264 The defendant admitted at trial that he had had little to do with his father during the last years of his life. He said they didn’t get along, so he avoided him. He also stated that he had nothing to do with the funeral arrangements and admitted that he had not attended the funeral.
The trial judge awarded plaintiffs $4,336.58 — $2,076.35 for mortgage payments, $1,468.49 for burial expenses, $291.74 for medical expenses and $500 for the cost of food and maintenance. In his reasons for judgment, he stated that the defendant obligated himself to pay the debts of his late father when he accepted and occupied the house, which was the only asset of the successions of both Mrs. Her-ron and Mr. Taylor Jr. He held that the defendant was responsible for his father’s obligations, even though he had not opened his father succession, because under Louisiana law, succession property passes to regular heirs at the moment of death. La. C.C.art. 940.
Defendant/appellant claims the trial court erred in awarding the plaintiffs damages because they failed to meet the requirements of the following “Dead Man’s Statutes:”
Parole evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
(1) A suit to enforce the debt or liability is brought against the succession representative, heirs or legatees of the deceased. ...
LSA-R.S. 13:3721.
When parole evidence is admissible under the provisions of R.S. 13:3721 the debt or liability of the deceased must be proved by the testimony of at least one creditable witness other than the claimant, and other corroborating circumstances.
LSA-R.S. 13:3722
Appellant's major argument can be summarized as follows: (1) The only succession he formally accepted was his grandmother’s. (2) The plaintiffs did not file suit within one year of his grandmother’s death. (3) Therefore, no parole evidence may be accepted to prove debts against his grandmother’s estate.
The appellant’s position has no merit. The claims made by the plaintiffs are all claims against the estate of the defendant’s father, not the defendant’s grandmother. Since the suit was filed within a year of Mr. Taylor Jr.’s death, the trial judge properly accepted parole evidence as proof of the debts under the provisions of LSA-R.S. 13:3721. Additionally, the transcript of the trial in this matter reveals that the requirements of LSA-R.S. 13:3722 were met, as the plaintiffs presented the testimony of a creditable witness, a Mrs. Collins, and other corroborating evidence in the form of cancelled checks and receipts for the mortgage payments and the funeral and medical expenses.
Obviously, the defendant attempted to avoid liability for his father’s debts by “skipping” Mr. Taylor Jr.’s succession and accepting only his grandmother’s succession. However, the applicable Civil Code articles state that when the defendant formally opened his grandmother’s succession and had himself legally placed in possession of his grandmother’s house, he tacitly accepted his father's succession as well.
La.C.C. art. 934 provides that all successions become open by death or presumption of death caused by long absence. Therefore, even though Mr. Taylor Jr. never formally opened his mother’s succession, it became open by operation of law at the moment of her death. At that point, under the provisions of La.C.C. art. 940, Mr. Taylor Jr. acquired the assets of his mother’s succession. La.C.C. art. 940 states that “[a] succession is acquired by the legal heir, who is called by law to the inheritance, immediately after the death of the deceased person to whom he succeeds.”
Under the Civil Code articles, simple acceptance of a succession may be either express or tacit. La.C.C. art. 988. Tacit acceptance occurs when the heir performs some act which necessarily supposes his *1265 intention to accept, and which he would have no right to do but in his capacity as heir. Id. Any act of ownership, which can be legally performed by a person only in his capacity as heir, “supposes necessarily his acceptance, for to act as owner is to make himself heir.” La.C.C. art. 994. Therefore, when Mr. Taylor Jr. acted as owner of his mother’s property after her death, he accepted her succession tacitly and made himself her heir. Likewise, when the defendant had himself put in legal possession of the only asset of his father’s succession, he expressly and/or tacitly accepted his father’s succession, and made himself his father’s heir. The fact that he tried to “skip” his father’s succession, and thus avoid his father’s debts, does not change this result.
Appellant argues however that no debt is owed by his father’s succession for other reasons — his father never requested that Mrs. Reed pay the mortgage notes, there was no agreement between Mrs. Reed and his father for repayment of the notes and Mrs. Reed never made demand on his father during his lifetime for repayment of the funds. The defendant contends that the above circumstances indicate that the services performed by the Reeds on behalf of his father were “charitable church work.” He also contends that Mrs. Reed’s granddaughter was living at the North Robertson house both before and after his father’s death and that Mrs. Reed paid the mortgage notes in order to give her granddaughter a place to live.
Because he was her sole heir, the monthly mortgage indebtedness became Mr. Taylor Jr.’s obligation when his mother died under the provisions of La.C.C. art. 1013, which provides as follows
The effect of the simple acceptance of the succession, whether express or tacit, is such that when made by an heir of age, it binds him to the payment of all debts of the succession, not only out of the effects which have fallen to him from the succession, but even personally and out of his own property, as if he had himself contracted the debts or as if he was the deceased himself.
Neither the absence of an express agreement nor the failure to demand repayment affect the fact that when the plaintiffs paid Mr. Taylor Jr.’s debts, he became indebted to them by operation of law. La. C.C. art. 2292 et seq. deal with obligations contracted other than by agreement, or quasi-contracts. According to La.C.C. art. 2294, one of the two principal types of quasi-contracts arises from the transaction of another’s business. The voluntary services performed by the Reeds on behalf of Mr. Taylor Jr. resulted in this type of quasi-contract. Therefore, upon his death, Mr. Taylor Jr.’s estate became indebted to the plaintiffs for those amounts.
The defendant’s simple tacit acceptance of his father’s estate made him personally liable for the debts of his father under La.C.C. art. 1013, quoted above.
La.C.C. arts. 1421, 1422, 1423 and 1426 and La.C.C.P. art. 427 specifically allow creditors to bring personal actions against the heirs of a succession. Therefore, the action brought by the plaintiffs in the instant action was proper and there is sufficient creditable evidence to support the trial court’s judgment.
For the above and foregoing reasons, the decision of the City Court is affirmed.
AFFIRMED.