| JERLYN ANN BURTON | * | NO. 2021-CA-0571 |
|---|---|---|
| VERSUS | * | |
| | | COURT OF APPEAL |
| ANTHONY D. BELT, | * | |
| JAMES K. BELT AND | | FOURTH CIRCUIT |
| MYRA L. BELT | * | |
| | | STATE OF LOUISIANA |

\* \* \* \*

\* \* \*

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2019-12138, DIVISION "N-8"
Honorable Ethel Simms Julien, Judge
\* \* \* \* \* \*
**Pro Tempore Judge Madeline Jasmine**
\* \* \* \* \* \*
(Court composed of Chief Judge Terri F. Love, Judge Rosemary Ledet, Pro Tempore Judge Madeline Jasmine)

Michael J. Hall
Jonique Martin Hall
Law Office of Michael J. Hall, L.L.C.
2401 Westbend Pkwy., Suite 2102
New Orleans, LA 70114

    COUNSEL FOR JERLYN ANN BURTON/APPELLEE

Regel L. Bisso
BISSO & MILLER, L.L.C.
Favrot & Shane Building
3925 N. I-10 Service Road W., Suite 227
Metairie, LA 70002

    COUNSEL FOR JAMES K. BELT/APPELLANT

**AFFIRMED; MOTION TO DISMISS IS DENIED**
**MAY 18, 2022**

*MJ*

*TFL*

*RML*

This appeal involves the partition of family-owned immovable property. Appellant James K. Belt ("Mr. Belt") seeks appellate review of the trial court's June 3, 2021 judgment, which determined the value of a family-owned immovable property for the purpose of partition. Mr. Belt claims the proceedings in the trial court are an absolute nullity.

We find that the trial court rendered a valid judgment as to the value of the co-owned property and the amount of funds required for Mr. Belt to buy out the appellee's ownership interest in the property. We also find no legal basis for which the trial court's judgment should be nullified because: (1) Jerlyn Ann Burton ("Ms. Burton") named all co-owners of the immovable property as defendants in her petition for partition; (2) the opening of a succession and/or the appointment of a succession representative is not required for the proper adjudication of a partition

proceeding; and (3) any objections for failing to file a formal answer or perfect service of process have been waived.

Moreover, in that Mr. Belt's motion to dismiss is based on the same grounds of absolute nullity, which we find lack merit, the motion is denied. Accordingly, we affirm the trial court's June 3, 2021 judgment and deny the motion to dismiss.

### *FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

Appellee, Ms. Burton, and her mother Cora Lee Belt King ("Ms. King"), jointly purchased, in 1988, immovable property located at 9210 Colapissa Street in New Orleans, Louisiana. Ms. King died intestate in December 2003, and her one-half interest in the property was inherited by her four children: Ms. Burton, Anthony D. Belt, Myra L. Belt, and appellant Mr. Belt.

In April 2005, Ms. King's four children were placed in possession of their respective one-fourth ownership interests in Ms. King's one-half ownership interest in the property. Ms. Burton therefore owned 62.5% interest in the property with the remaining heirs each owning a 12.5% interest in the property.

From 2004 to 2018, Ms. Burton lived in the residence alone. In June 2018, following his release from prison, Mr. Belt began residing at the property with Ms. Burton. At some point, the living arrangement became untenable, and Ms. Burton no longer wished to reside with or co-own the property with Mr. Belt. Consequently, Ms. Burton filed, in November 2019, a petition for partition as well as a rule for possession of property, alternatively rule for imposition of rental requirement. Mr. Belt was later served with process by a private process server.

In January 2020, Ms. Burton and Mr. Belt entered into a consent judgment wherein the parties agreed, among other things, to consolidate the rule for possession and petition for partition and to have a comparison analysis performed on the property to determine its value. A status conference was held in January 2021, at which the parties entered into a second consent judgment that the trial judge signed in February 2021. The February 2021 consent judgment established: (1) the value of the property to be $98,000.00; (2) Myra Belt was ordered to transfer her 12.5% share of the property to Mr. Belt; (3) Mr. Belt was given until April 30, 2021, to obtain financing to buy out Ms. Burton's ownership interests in the property; (4) the rental payment was suspended during the period for which Mr. Belt was given to obtain financing; and (5) if Mr. Belt was unable to do so, on May 1, 2021, Ms. Burton could list the property for private sale.

In March 2021, Mr. Belt filed a "Motion for Conference Hearing" indicating that he was unable to secure financing. He further claimed that in the course of trying to secure a mortgage loan, the lender had the property appraised and valued the property at $68,000.00, which was significantly less than the value set forth in the February 2021 consent judgment. Additionally, he advised the trial court that the heirs of Anthony Belt had not opened his succession and requested that the trial court order Anthony Belt's heirs to appear for the partition proceedings.

A hearing on Mr. Belt's motion was held in April 2021, at which Mr. Belt asserted that he could not obtain a loan because Anthony Belt's name remains on the deed to the property. According to Mr. Belt, until his brother's succession is

opened and completed he is unable to secure a clear title loan. The trial court stated that the purpose of the hearing was to establish the value of the property in order to determine how much Mr. Belt would need to buy out Ms. Burton's 62.5% ownership interest in the property. On the issue of valuation, Mr. Belt submitted evidence that valued the property at $68,000.00. Counsel for Ms. Burton presented the expert testimony of her appraiser, Michael Toso, III, who appraised the property in 2018, and valued the property in the amount of $85,000.00.

As a result of the hearing, the value of the property was determined to be $85,000.00. For the purpose of buying Ms. Burton's interest in the property, Mr. Belt was required to obtain financing for 62.5% of $85,000.00, or $53,125.00. The trial court signed the judgment on June 3, 2021. It is from this June 2021 judgment that Mr. Belt seeks appellate review.

Thereafter, Mr. Belt filed, with this Court, a motion to dismiss on grounds of nullity.

### STANDARD OF REVIEW

The main issue raised on appeal is whether the judgment determining the value of co-owned immovable property is rendered invalid because one of the parties to the partition action is deceased, his succession remains unopened, no succession representative has been appointed to serve as his substitute in the partition proceeding.

When the issues raised on appeal involve fact questions or mixed questions of law and fact, the appellate court applies the manifest error standard of review.

*Succession of Kansas*, 17-0477, p. 3 (La. App. 4 Cir. 12/21/17), 234 So.3d 1090, 1092. When the issues presented involve questions of law, the appellate court applies the *de novo* standard of review. *Id.* "A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial." *Id.* (quoting *Hamp's Constr., L.L.C. v. Hous. Auth. of New Orleans*¸10-0816, p. 3 (La. App. 4 Cir. 12/1/10), 52 So.3d 970, 973). "Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *South East Auto Dealers Rental Ass'n, Inc. v. EZ Rent To Own, Inc.*, 07-0599, p. 5 (La. App. 4 Cir. 2/27/08), 980 So.2d 89, 93. "When the court of appeal finds that a reversible error of law or manifest error of material fact was made in the trial court, it is required, whenever possible, to re-determine the facts *de novo* from the entire record and render a judgment on the merits. *Kansas*, 17-0477, p. 3, 234 So.3d at 1092-93 (citing *Ferrell v. Fireman's Fund Ins. Co.*, 94-1252, p. 4 (La. 2/20/95), 650 So.2d 742, 745).

## *DISCUSSION*

Mr. Belt asserts six assignments of error: (1) the trial court erred in rendering judgment of partition when all co-owners were not a party to the litigation; (2) the trial court erred rendering judgment of partition before defendants filed answers and the issues were joined; (3) the trial court erred in conducting a partition proceeding when one of the co-owners was deceased and no successor was appointed; (4) the trial court erred in conducting a partition proceeding without personal jurisdiction over one of the parties; (5) the trial court

erred in denying due process to the heirs of the deceased party and co-owner of the property being partitioned; and (6) the judgment under appeal is vague and orders performance of acts outside Mr. Belt's control.

We address, at the outset, Mr. Belt's assertions, in assignments of error one and two, that the trial court rendered a final judgment of partition. The trial court has not rendered a final judgment of partition in this case. The trial court has only issued a judgment determining the property's value and the amount of funds required for Mr. Belt to acquire Ms. Burton's ownership interest.

We also note that with the exception of Mr. Belt's sixth assignment of error, all of Mr. Belt's assigned errors arise from the fact that while Ms. Burton named all three of her sibling co-owners as defendants, one of the co-owners died prior to the filing of Ms. Burton's initial pleadings and that only Mr. Belt was legally served with process. Further, Mr. Belt's motion to dismiss relies on the same grounds of nullity as his basis for relief. Therefore, we address the merits of the motion to dismiss within the context of our analysis of Mr. Belt's assignments of error. Finally, for ease of discussion, we examine Mr. Belt's assignments of error out of order.

### Assignment of Error No. 1: Failure to Make All Co-Owners Parties to the Action for Partition

Prior to 1952, it was consistently held that the failure to properly join any co-owner in a partition proceeding rendered the partition invalid as to all co-owners. *See* 1 La. Prac. Real Est. § 4:23 (2d ed.); *Tucker v. Kelly*, 506 So.2d 730, 733 (La. App. 1st Cir. 1987). The Louisiana legislature recognized that under this

6

rule, "any co-owner, even a party to the partition, could have it set aside upon proving that some other person with an interest in the property had not been a party to the partition." *Tucker*, 506 So.2d at 733 (internal citation and quotation omitted). "This rule undermined the stability of land titles in Louisiana." *Id.* If a partition was deemed null, then any sale made under it was also null; as a result, the purchaser was not protected by the partition decree. *Id.* To address this problem while also protecting the rights of the unrepresented co-owner, the Louisiana legislature passed Act 403 of 1952, which enacted La. R.S. 13:4985-4990. *Id.*, 506 So.2d at 734.

La. R.S. 13:4985 provides:

> Where real property is partitioned, either in kind or by licitation, by either judicial or conventional partition, *the fact that one or more co-owners are not parties shall not affect the validity of the partition as to the co-owners who are parties* thereto or their heirs or assigns, *provided that the interest of any co-owner not a party shall not be affected thereby and the interest of the co-owner in the property partitioned shall remain the same* as if the property had not been partitioned.

*Id.* (emphasis added).

In *Tucker v. Kelly*, *supra*, the First Circuit considered the same issue presented in this case—whether the fact that not all co-owners are parties to an action for partition renders the subsequent partition null.[1] In *Tucker*, the purchasers of property sold at a public auction filed a petition to rescind the

---

[1] The procedural posture of *Tucker* is different from the instant matter; however, the different procedural posture does not render *Tucker* inapplicable. The holding in *Tucker* was not dependent upon the procedural posture of the case. Rather, it emphasized that the application of La. R.S. 13:4985 in partition proceedings is necessary to provide stability to land titles and protection to co-owners not parties to the action for partition.

partition sale because it did not convey title to all of the property. *Tucker*, 506 So.2d at 732. They argued that the title was not merchantable because: (1) all co-owners were not cited and/or served; (2) there were numerous unopened successions in the chain of title; and (3) the parties to the partition did not hold their interests in common. *Id.* As to the purchasers' first claim, the court examined the legislative purpose behind La. R.S. 13:4985, and the provision's subsequent application in our jurisprudence. Relying on the plain language of La. R.S. 13:4985, the First Circuit held that a partition may not be rescinded on nullity grounds, "even though some of the co-owners were not parties to the suit for partition." *Id.*, 506 So.2d at 734.

Mr. Belt asserts that the trial court erred as a matter of law in rendering judgment "when all co-owners were not a party to the litigation." Like *Tucker*, we find that the express language of La. R.S. 13:4985 provides that there is no requirement in Louisiana that all co-owners must be made parties to the partition suit in order for the partition to be valid.

Nevertheless, Ms. Burton's pleadings confirm that all co-owners of the property were, in fact, named as defendants. Similarly, Mr. Belt admits in his brief to this Court that Ms. Burton filed her action for partition naming all of her siblings, including Anthony Belt, as defendant co-owners of the property.

Furthermore, the fact that only Mr. Belt was served with legal process is not a basis for declaring the partition proceedings in this case an absolute nullity. The failure to make all co-owners parties to the action for partition will not affect the

8

validity of the partition as long as the rights of any co-owner not a party to the partition are not affected and such co-owner's interests remain the same. La. R.S. 13:4985.

The June 2021 judgment does not affect the rights of Anthony Belt's heirs or their ownership interests in the property. The judgment merely established the value of the property and what amount Mr. Belt would need in order to acquire Ms. Burton's 62.5% ownership interest. The ownership interests of Anthony Belt's heirs remains the same. We find this assignment of error without merit.

**Assignment of Error No. 3: Unopened Succession of Anthony Belt**

Mr. Belt claims in his third assignment of error that the trial court erred in permitting a partition proceeding among co-owners to continue when Anthony Belt was deceased and no successor had been appointed to serve as his substitute.

As mentioned previously, the purchasers in *Tucker* also sought to invalidate the partition sale because there were 16 unopened successions in the title to the partitioned property. *Tucker*, 506 So.2d at 734. The purchasers, like Mr. Belt, argued that in order for the partition and sale to be valid, the law required the opening of the successions and the interests determined. *Id.*

In Louisiana, "[p]roperty may be held in indivision and owned jointly (in common) by more than one person; each person owns an interest in the whole and does not own any particular part." *Tucker*, 506 So.2d at 732 (citing *Steele v. Denning*, 456 So.2d 992 (La. 1984)). However, "[n]o one may be compelled to hold a thing in indivision with another unless the contrary has been provided by

law or juridical act.  Any co-owner has a right to demand partition of a thing held in indivision."  La. C.C. art. 807.  Pursuant to La. C.C. art. 1318, the "[h]eirs of coheirs and any other successor may be parties plaintiff or defendant in a partition."  *Tucker*, 506 So.2d at 735.  Further, La. C.C. art. 1320 states:

> It is not necessary, to support the action of partition, that the coheirs, or the party commencing it, should be in actual possession of the succession or of the thing to be divided; *for among coheirs and coproprietors, it is not the possession but the ownership, which is the basis of the action.*

*Id.* (emphasis added).

Ms. Burton cannot be compelled to continue to own property in indivision with Mr. Belt or the other co-owners.  She has the right to demand partition of the property even though the succession of Anthony Belt remains unopened.  In Louisiana, "succession property passes to the regular heirs at the moment of death."  *Reed v. Taylor*, 522 So.2d 1262, 1264 (La. App. 4th Cir. 1988); *Tucker*, 506 So.2d at 735; *Ditch v. Finkelstein*, 399 So.2d 1216, 1220 (La. App. 1st Cir. 1981); and *Andras v. Thibodeaux*, 13-1906, p. 4 (La. App. 1 Cir. 10/30/14), 157 So.3d 767, 770.  Therefore, the opening of a succession and/or the appointment of a succession representative is not required for the proper adjudication of a partition proceeding.

***Assignment of Error No. 2: Absence of a Formal Answer***

Mr. Belt also avers that the trial court erred in permitting the partition proceedings to continue where the defendants did not first file answers.  At no point in this case, including during the hearing resulting in the June 2021 judgment

10

appealed, did Mr. Belt object to the matter proceeding for lack of an answer first being filed.

"Generally, no valid judgment may be rendered against a party with whom issue has not been joined by way of answer, default or waiver." *Lepine v. Lepine*, 17-568, p. 7 (La. App. 5 Cir. 3/14/18), 243 So.3d 737, 743 (citing *Northshore Ins. Agency v. Farris*, 634 So.2d 867 (La. App. 1st Cir. 1993)).

Ms. Burton originally filed her petition for partition in November 2019. Mr. Belt was served by private process server in January 2020. Since then, Mr. Belt has actively participated in the instant litigation. While the record does not contain a formal answer to Ms. Burton's petition for partition, the record does show Mr. Belt filed substantive pleadings into the record. He had notice of and actively participated in all hearings and conferences with the trial court. Additionally, Mr. Belt entered into two consent judgments, signed on January 30, 2020, and on February 10, 2021, respectively. Mr. Belt filed a "Motion for Conference Hearing" in March 2021, and participated in the status conference held on April 7, 2021. Mr. Belt also participated in the April 21, 2021 trial to determine the value of the property, at which he had the opportunity to present evidence, testimony, and cross-examine Ms. Burton's expert appraiser as to the valuation of the property.

We find that Mr. Belt's appearance and participation at the trial now at issue as well as all other hearings and status conferences, and the absence of an objection to the matter proceeding without an answer having previously been filed

constitutes a waiver of his right to answer the petition for partition.[2]

### *Assignment of Error Nos. 4 & 5: Absence of Personal Jurisdiction & Denial of Due Process*

Mr. Belt contends that the trial court judgment is invalid because it denies due process to the parties that were not served, in this case, defendants Myra Belt and the heirs of Anthony Belt.

It is true that Mr. Belt was the only party served with process. However, defendants Myra Belt and Nicole Boykins, as the representative for the heirs of Anthony Belt, are aware of and have participated in the partition proceedings since its commencement, without objection. We find no merit to Mr. Belt's argument that defendants Myra Belt and Nicole Boykins, as representative for the heirs of Anthony Belt, were denied due process. Any objection by Myra Belt and Nicole Boykins and/or by Mr. Belt, on their behalf, to contest the partition proceeding for lack of service has been waived.

Moreover, we find Mr. Belt's reliance on La. C.C.P. art. 2002 misplaced. La. C.C.P. art. 2002 sets forth the grounds which may be asserted for the annulment of a final judgment. This Court, in *Patterson v. Charles*, explained:

> Absolute nullities set forth in La. C.C.P. art. 2002 may be asserted at any time, in a collateral proceeding, and before any court. *Champagne and Rodgers Realty Co., Inc. v. Guillot*, 06-237, p. 10 (La. App. 5 Cir. 11/14/06), 947 So.2d 39, 45.

---

[2] While Mr. Belt is represented by counsel on appeal, Mr. Belt was self-represented in the proceedings before the trial court. "We recognize that *pro se* [litigants] should generally be given more latitude than [litigants] represented by counsel because they lack formal training in the law and rules of procedure." *In re Med. Review Panel Claim of Scott*, 16-0145, p. 14-15 (La. App. 4 Cir. 12/14/16), 206 So.3d 1049, 1058. However, "a *pro se* litigant assumes responsibility for her lack of knowledge of the law, and must carry her burden of proof to be entitled to relief." *Id.*, 16-0145, p. 15, 206 So.3d at 1058.

> However, the comments to La. C.C.P. art. 2002 provide that this article "covers judgments rendered in cases where there was no citation at all, cases involving defective citation, and *cases where the defendant did not effect a waiver of service and citation by making a general appearance.*" to [sic] La. C.C.P. art. 2002, cmt. (d) (emphasis added). Also, *the proper method for contesting the sufficiency of service of process is by filing a declinatory exception.* La. C.C.P. art. 925(A)(2). A party who fails to file an exception of insufficient service and appears waives the right to object to improper service. *In Re Medical Review Panel for Claim of Brunet*, 578 So.2d 1011, 1013 (La. App. 4 Cir. 1991); La. C.C.P. art. 925(C).

19-0333, p. 30 (La. App. 4 Cir. 9/11/19), 282 So.3d 1075, 1094 (emphasis added).

Defendants Myra Belt and Nicole Boykins, as representative for the heirs of Anthony Belt, were aware of the instant litigation and voluntarily participated in the trial court proceedings. Myra Belt participated in the September 2020 status conference. Likewise, she was present for and a party to the January 2021 consent judgment, wherein she agreed to transfer her ownership interest in the property to Mr. Belt. Myra Belt was also present for the April 7, 2021 status conference and April 21, 2021 trial to determine the value of the property.

Nicole Boykins was unable to participate in the September 2020 status conference due to work. Despite raising the issue of lack of service on appeal, notably, it was Mr. Belt at the September 2020 status conference who advised the trial court that he would "see that his family receive the notices." The record demonstrates that Nicole Boykins did participate in the April 2021 status conference and was aware of the upcoming trial to determine value of the property as the trial date was set during the status conference at which she participated.

Neither Myra Belt nor Nicole Boykins filed an exception of insufficient service; however, they both made appearances; as such, they have waived any

13

objection to insufficiency of service of process. Therefore, we find no basis under La. C.C.P. art. 2002 for annulling the June 2021 judgment.

***Assignment of Error No. 6: Vagueness of the Trial Court's June 2021 Judgment***

Finally, Mr. Belt argues that the trial court's judgment is vague because it contains, what Mr. Belt concedes was in all likelihood, a typographical error[3] and because it does not specify the purpose of payment. The June 3, 2021 judgment provides that the property is valued in the amount of $85,000.00. In that Mr. Belt maintained throughout the trial court proceedings that he wanted to buy out Ms. Burton's ownership interest in the property and was seeking financing to do so, the judgment expressly states: "that for purposes of buying Ms. Jerlyn Burton's interest in the property, Mr. James Belt is required to obtain financing for sixty-two and one-half (1/2) percent (62.5%) of $85,000.00." The judgment makes clear that in order to buy out Ms. Burton's interest in the property, Mr. Belt must obtain financing or by some other manner produce funds in the amount of $53,125.00, which represents Ms. Burton's 62.5% interest in the property.[4] Mr. Belt's argument that the trial court's judgment is vague is without merit.

***Motion to Dismiss***

Mr. Belt contends in his motion that an action for partition of immovable property among co-owners requires that all co-owners be made a party to the

---

[3] *See*, n. 4, *infra.*

[4] The portion of the judgment which establishes the specific amount Mr. Belt shall need to pay Ms. Burton in order to acquire her 62.5% ownership interest refers to Ms. Burton incorrectly as "Ms. Jerlyn Belt." As Mr. Belt concedes in his brief, the trial court "no doubt meant the plaintiff/appellee" in this case, Ms. Jerlyn Burton.

partition. In that Anthony Belt was deceased at the time Ms. Burton filed her initial pleadings and his succession was never opened, Mr. Belt claims that the partition proceedings in the trial court are an absolute nullity. On this basis, Mr. Belt seeks dismissal of this appeal and all actions and judgments in the trial court following Ms. Burton's filing of the initial pleadings. Mr. Belt further contends that the appropriate remedy in this case is "for the parties to start the matter from the beginning" and that the matter should be remanded with instructions that the trial court summon the legal successor(s) of Anthony Belt to appear as his substitute in the partition proceedings.

Mr. Belt's motion to dismiss relies on the same grounds of nullity which he has set forth in his appellate brief. Therefore, for the reasons expressed in this opinion, the motion to dismiss is denied.

### *CONCLUSION*

We find that the trial court rendered a valid judgment as to the value of the co-owned property and the amount of funds required for Mr. Belt to buy out Ms. Burton's ownership interest in the property. We also find no legal basis for which the trial court's judgment should be nullified. Ms. Burton named all co-owners of the immovable property as defendants in her petition for partition. Although Anthony Belt is deceased, the opening of a succession and/or the appointment of a succession representative is not required for the proper adjudication of a partition proceeding. All defendants have made appearances and voluntarily participated in the trial court proceedings, either personally or in Anthony Belt's case, through his

15

heir; thus, any objections for failing to file a formal answer or perfect service of process on the other defendants has been waived.  Moreover, in that Mr. Belt's motion to dismiss are based on the same grounds of absolute nullity, for which we find lack merit, the motion is denied.

### *DECREE*

Based on the foregoing reasons, the trial court's June 2021 judgment is affirmed and the motion to dismiss is denied.

**AFFIRMED; MOTION TO DISMISS DENIED**